171 So. 33

## WILLIAMS v. BURNHAM et al.

No. 34117.

Nov. 4, 1936.

George T. McSween, of Shreveport, for relatrix.

Cook, Cook & Egan, of Shreveport, for respondents.

ROGERS, Justice.

The relator Althea N. Williams, brought suit against the respondents Mrs. Etta B. Burnham and Edwin L. Blewer in the district court for Caddo parish. The suit was brought in forma pauperis, and the

proceeding was sustained in defendants' attack by rule on plaintiff's claim that she was a pauper. Subsequently, the case was heard upon the merits and upon defendants' pleas of estoppel, ratification, and waiver. Defendants' pleas prevailed and plaintiff's demand was rejected. The judgment was rendered on July 10, 1935, and signed on July 13, 1935, and on May 12, 1936, plaintiff applied for and was granted a devolutive appeal without bond returnable to this court on June 29, 1936.

The citation of appeal was issued on May 12, 1936, and served on defendants' attorney on May 13, 1936. One month later, namely on June 13, 1936, defendants obtained a rule on plaintiff to show cause why the order permitting her to prosecute the suit in forma pauperis should not be set aside, the order granting her a devolutive appeal without bond revoked, and she be ordered to give an appeal bond in an amount to be fixed by the court and to pay all costs incident to her appeal. The rule was regularly taken up for trial on the day fixed, and, after certain pleas and exceptions filed by the respondent were overruled, evidence was heard on the merits, resulting in a judgment rescinding the order permitting plaintiff to proceed in forma pauperis and ordering her to pay all costs incurred from the date of the judgment—June 26, 1936. No reference is made in the judgment to movers' demand that the order of appeal without bond be revoked and that appellant be ordered to furnish such a bond. Upon rendition of the judgment counsel for plaintiff (defendant in rule) gave notice of his intention to apply to this court for the usual writs. The ap-

plication, however, was not made until September 28, 1936. In the meantime, relator applied to and obtained from this court two extensions of time within which to file the transcript, the return day in the second order granting the extension being fixed for September 29, 1936. On the preceding day, September 28, 1936, as we have stated, relator applied for writs of certiorari, prohibition, and mandamus, and for further time within which to file the transcript. A rule nisi issued upon relator's application, and, for the purpose of affording this court an opportunity of passing upon relator's complaint, the return day was extended for a period of sixty days from September 29, 1936.

Relator has not filed any brief in support of her application for writs, and the matter has been submitted solely upon the allegations of her petition and the averments of the returns of the respondents.

Relator, in her application to this court, has not attacked the form or regularity of the proceedings in the district court. The only complaint she urges against the judgment rescinding the order permitting her to litigate in forma pauperis and requiring her to pay all future costs is, that since the rendition of the judgment "she has faithfully attempted to raise the necessary money to proceed with this case and attempted to give bond for same but has been unable to do so."

This court cannot consider anything that occurred subsequent to the rendition of the judgment under review. Relator's complaint that she has been unable to comply with the judgment might have afforded her cause for relief in the district court, but it cannot be noticed here.

The respondent judge, in his return to the rule nisi, states that "after hearing the evidence upon the rule to rescind the order allowing the relator to prosecute the appeal in forma pauperis, he was then, and is now, of the opinion that the relator is able to pay the costs and that her failure to do so is rather from unwillingness than from inability."

We have not found any note of evidence in the record, and must presume therefore that in rendering the judgment complained of the trial judge proceeded upon proper evidence.

For the reasons assigned, the rule nisi herein issued is discharged and relator's application is denied, at her costs.

O'NIELL, C. J., took no part.