FOURNET, Justice.
 

 We previously had this case for consideration on writs granted by us, in order to review the ruling of the lower court setting aside its order permitting plaintiff to prosecute this suit in forma pauperis, and in our decree of November 4, 1936, we recalled the writs. 185 La. 791, 171 So. 33.
 

 The case is now before us on appellees’ motion to dismiss the appeal on the grounds: (1) That the extensions of time within which appellant could file a transcript of appeal in this court were obtained through misrepresentation of facts, and (2) that the transcript of appeal is incomplete.
 

 It is appellees’ contention that the return date for filing the transcript of the case was extended three different times by this court upon a misstatement of facts by appellant as to the reason why the transcript was not filed in this court within the time fixed, and under the authority of the cases of Thibodeaux v. Cayard, 52 La.Ann. 1374, 27 So. 737, and Succession of Henry Kuntz, 33 La.Ann. 30, the extension should be revoked and the appeal dismissed.
 

 In the case of Thibodeaux v. Cayard, supra, the court held, as expressed in the syllabus:
 

 “Where the court, because of misinformation of the true facts, grants an order extending the return day of an appeal, and this misinformation is
 
 chargeable to the appellant or his counsel,
 
 and it subsequently develops, in a motion to rescind the order and to dismiss the appeal, that the facts were such that, if brought to the timely attention of the court, the order would not have been granted, the same will be revoked and the appeal dismissed.” (Italics ours.)
 

 In that case, however, the clerk of court recited that the transcript of appeal was completed in time to return the same to this court on the first extended return day, and that it was not delivered to the appellant for the sole reason that he had failed and neglected to pay for the transcript.
 

 
 *457
 
 In the Kuntz Case, appellee showed that the repeated extensions of time to file the transcript in this court were obtained by appellant on the ground that more time was necessary to complete the transcript, when the true facts, as shown by the clerk’s certificate, was that the transcript was not completed and filed due to appellant’s counsel having withheld the original record in his office.
 

 In the case at bar the facts are that the plaintiff originally prosecuted this suit in forma pauperis; that the trial court rendered its judgment, dismissing her suit on July 10, 1935, and on May 12, 1936, over ten months from the rendition of the judgment, she appealed therefrom devolutively, which appeal was made returnable to this court on June 29, 1936; that the defendant-appellee then ruled the plaintiff into court to show cause why the order permitting her to prosecute this suit in forma pauperis should not be set aside, and, after hearing thereon, the court rescinded its order, in so far as the costs thereafter incurred were concerned, on June 13, 1936; that plaintiff immediately served notice of her intention to apply to this court for the usual writs; and that, upon plaintiff’s application, writs of certiorari, prohibition, and mandamus were granted by us but were recalled in our decree of November 4, 1936. The record also shows that the return date was extended to August 29, 1936, by order of this court dated June 29, 1936, and on August 20, 1936, by order of this court, it was extended to September 29, 1936, and again extended sixty days from that date on September 28, 1936. On December 18, 1936, appellant filed a petition in this court, praying for a writ of certiorari, ordering and commanding the clerk of the district court for the parish of Caddo to prepare and transmit to this court two copies of the note of evidence, and that such copies be placed in the two transcripts of appeal from which they are absent.
 

 Although it appears that the extensions were granted on plaintiff’s applications, which did not show the facts above recited, under the circumstances, as now disclosed, we think that she was entitled to have the entire matter held in abeyance pending the review, by this court, of the ruling of the lower court, denying plaintiff the right to continue the prosecution of her suit in forma pauperis.
 

 The next point urged by appellee as grounds for the dismissal of the appeal is that the transcript filed by the appellant is inadequate in that only one copy of the transcript contains the note o.f evidence, contrary to the provisions of section 1 of rule 1 of this court, which reads as follows :
 

 “Triplicate copies of the transcript must be filed in every instance; and if it be typewritten the ribbon copy shall be marked ‘original’ and each carbon copy marked ‘carbon copy’ on the outside of the front cover.”
 

 It was the mandatory duty of the clerk of court to make the transcript of appeal in this case in triplicate, without extra charge, and to embrace in each copy of the transcript a copy o.f the note of evi
 
 *459
 
 dencc. Section 1, Act No. 80 of 1912. Likewise, it was the mandatory duty of the stenographer “to furnish, for the purpose of appeal, the necessary carbon copies of said testimony now required by law for such appeal.” Section 5, Act No. 95 of 1922.
 

 It necessarily follows therefore that the failure of the court stenographer to perform his mandatory duty by making three extra carbon copies of his notes cannot be imputed to appellant, and, moreover, appellant cannot be required to pay for such services except in accordance with the provisions of Act No. 95 of 1922.
 

 Under the provisions of article 898 of the Code of Practice, the appellant is granted the right to have corrected the copy of the record that is incomplete either through mistakes or omissions, whenever it shall appear that such mistakes or errors are not imputable to appellant.
 

 For the reasons assigned, the case is now remanded to the lower court for the purpose of completing the transcript of appeal, and accordingly the clerk of the district court in and for the parish of Caddo is hereby ordered to embrace in the triplicate copies of the transcript of appeal a copy of the note of evidence, without extra charge to the appellant, within a reasonable time, not to exceed ten days from the date this decree becomes final.
 

 ODOM, J., concurs in the opinion, but is of the opinion that the decree should go no further than to remand the case for the completion of the transcript.