189 So. 579

**MAURER v. HAEFNER.**

No. 35123.

May 1, 1939.

Rehearing Denied May 29, 1939.

J. M. Blache, Jr., and Morrison & Sims, all of Hammond, for appellant.

Warren W. Comish, of Ponchatoula, and Ponder & Ponder, of Amite, for appellee.

ROGERS, Justice.

On October 16, 1936, Clara Schneider Maurer obtained a judgment of divorce from her husband, Chris Maurer, on the ground that they had been living separate and apart continuously for more than four years. On the same day, Chris Maurer executed an act of sale transferring to Clara Maurer, his divorced wife, certain real estate situated in the Parish of Tangipahoa. The sale was made for a recited consideration of $500 cash and the assumption by the vendee of a mortgage amounting to approximately $400, in favor of the Federal Land Bank of New Orleans. Shortly after her divorce from Chris Maurer, Clara Schneider Maurer married Howard J. Haefner. On September 24, 1937, Chris Maurer sued his former wife, Clara Schneider Maurer Haefner, to annul the sale made to her on October 16, 1936, on the ground of lesion beyond moiety. The suit resulted in a judgment annulling the sale upon plaintiff returning to defendant the purchase price of $420, or, in the alternative, permitting defendant to pay the difference between the purchase price of $420 and $4000, the reasonable value of the property. The judgment was rendered on February 15, 1938, and signed on February 21, 1938. The defendant, Clara Maurer Haefner, applied for and obtained an order of appeal returnable to the Court of Appeal, First Circuit, on or before April 1, 1938, suspensive, upon filing a bond of $500, and devolutive, upon filing a bond of $100. On March 3, 1938, an appeal bond of $500, signed by appellant's husband, Howard J. Haefner, was filed. The appellee, Chris Maurer, tested, by rule, the surety on this bond, and on March 22, 1938, a judgment was rendered decreeing the surety to be incompetent, and ordering a new bond to be filed within two days under penalty of dismissal of the appeal. On March 23, 1938, a new appeal bond was filed, but the appeal was not perfected by the lodging of the transcript of appeal in the appellate court. On August 5, 1938, the appellee filed a petition alleging that defendant had failed to perfect her appeal and praying for the issuance of a writ of possession. The rule nisi, issued upon this petition, was made absolute on October 11, 1938, and Mrs. Clara Maurer Haefner, the defendant in rule, has appealed from the judgment.

Appellant's specification of errors and her argument thereon are directed wholly at the judgment rendered by the district court on February 15, 1938, and signed on February 21, 1938, but that is the judgment in which the sale from Chris Maurer to Clara Maurer Haefner was annulled for lesion beyond moiety and from which the appellee contends the appeal was not perfected by the lodging of the transcript in the appellate court. The judgment with which we have to deal on this appeal is the judgment which was subsequently rendered by the district court on the rule nisi, ordering that a writ of possession issue directing the sheriff to place the plaintiff in possession of the property and dismissing the appeal from the judgment annulling

the sale for want of perfection and prosecution.

 It is a well settled rule of law that where an appeal has been granted and appellant files the proper bond but thereafter fails to file the transcript before the expiration of the return day, his failure to do so will constitute an abandonment of the appeal. Code of Practice, arts. 587, 883; Hymel v. Illinois Central R. R. Co., 116 La. 42, 40 So. 525; Cox v. Hope Shingle & Lbr. Co., 130 La. 231, 57 So. 899; New Iberia Nat. Bank v. Lyons, 164 La. 1017, 115 So. 130; Paramount Wood Products Co. v. Colonial Fire Underwriters, 180 La. 886, 158 So. 7.

 The record is barren of any note of evidence or stipulation of fact on the hearing of the rule nisi and hence, we must presume that in rendering the judgment appealed from the trial judge proceeded upon proper evidence. Williams v. Burnham, 185 La. 791, 171 So. 33. Appellant having abandoned her appeal, appellee was entitled to execution on the judgment. Code of Practice, art. 589.

 On the day the case was called and submitted in this Court, the appellee filed an answer asking for ten per cent damages for a frivolous appeal. Pretermitting the question as to whether the answer to the appeal was timely filed, it suffices to say that, the appeal not being from a money judgment, appellee is not entitled to the damages claimed. Price v. Florsheim, 174 La. 945, 142 So. 135.

For the reasons assigned, the judgment appealed from is affirmed.