LOTTINGER, Judge.
The relators herein applied to this Court for writs of certiorari, mandamus and prohibition, which writs were granted by this Court. The relators in these writs, namely, Riverside Realty Co., Inc. and Haston L. Pittman are the defendants in three consolidated cases pending in the Twenty-Second Judicial District Court in and for the Parish of St. Tammany, being entitled and numbered as follows:
“State of Louisiana, through the Department of Highways vs Riverside Realty Co., Inc., Number 18-397”
“State of Louisiana, through the Department of Highways vs Haston L. Pittman, Number 18-537”
“State of Louisiana, through the Department of Highways vs Riverside Realty Co., Inc., Number 19-012”
The facts disclose that the three cases were filed by the relatee in accordance with LSA-R.S. 48:451 et seq., and have to do with the expropriation of property belonging to the realtors for highway purposes in the Parish of St. Tammany. Petitions, together with the required deposits, were regularly filed in each of the said cases. On September 20, 1962, the realtors gave notice that pursuant to Article 1451 et seq. of the LSA-Code of Civil Procedure, they would take the oral depositions of E. A. Tharpe, Jr. and H. B. Breeding, Jr., who were employed in the cases as appraisers for the highway department and who had signed the certificates of compensation which had been filed with the original petitions in the three cases. On October 2, 1962, the defense counsel went to Slidell, Louisiana, for the purpose of taking the depositions, which were taken and transcribed before a Notary Public.
The two experts refused to answer many of the questions put to them, using as an excuse their inability to recall the particular information being sought by the questions. With regard to some of the questions, the attorney for the highway department who was present instructed the witnesses that they were not to answer the questions because they called for matters of expert opinion which the Code of Civil Procedure does not include among those matters which are properly the subject of depositions. Specifically, these questions had to do with comparables the experts had used in making their appraisals.
With regard to the witnesses’ inability to recall the facts: about which they were being questioned, one of the witnesses, Mr. Breeding, refused to consult his notes and memoranda to refresh his memory on the facts even though they were in the same office building only a few steps away from the place where the deposition was being taken. Counsel for the highway depart *347 ment stated that since no subpoena duces tecum was issued for the notes, the witness was not required to consult them. The other witness, Mr. Tharpe, did not have his notes with him, but had simply left them at his office in New Orleans even though he was well aware that he would be questioned regarding facts contained in his notes.
Pursuant to Article 1511 of the LSA-Code of Civil Procedure, the relators had issued by the Trial Court a rule nisi against the witnesses, the highway department, and its attorneys, directing them to show cause why the witnesses should not be compelled to answer the specific questions put to them in the deposition with regard to their appraisal of the property, and why they should not be prohibited from relying on the excuse that they had to refer on their written memoranda to avoid testifying and, furthermore, why they should not be condemned to pay to relators reasonable expenses and attorney fees incurred by re-lators in their attempt to take the depositions.
The Lower Court, after hearing on the rule to show cause, dismissed the rule, and the relators have taken this application for remedial writs.
Although the relatee maintains in his brief that pretrial depositions cannot be taken of experts because of the fact that these experts have not yet been qualified as experts in these cases, it is clear that the section of the Code of Civil Procedure dealing with depositions and discovery did not intend to exclude experts. The Historical Note written by Mr. Leon D. Hubert, Jr., one of the reporters who drafted the project of the Code of Civil Procedure, following Article 1452, on Page 670 of Volume 3 of the LSA-Code of Civil Procedure stated as follows:
“However, the question of whether the deposition of an expert (as apart from forcing him to produce his documents) can be taken has come up before the federal courts with differing views. It has been held that the depositions of an expert could not be taken. Boyn-ton v. R. J. Reynolds Tobacco Co., 36 Fed.Supp. 593 (D.C.Mass.1941). But the contrary has also been held, Sachs v. Aluminum Co. of America, 167 Fed. [2d] 570 (C.C.A. 6th, 1948). The m Cotmcil decided to omit any reference to this matter, on the theory that silence would place the expert in the position of any other witness and that his deposition could he taken.1’ (Underscore ours.)
The relatee makes much of the fact that a deponent cannot be required to consult his notes in order to answer the interrogatories, citing as his reasons Article 1452 of the LSA-Code of Civil Procedure which provides, in part, as follows:
“The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing Jhat reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
This particular section of the Code of Civil Procedure was cited to the Court in State Through Dept. of Highways v. Spruell, et al., 243 La. 202, 142 So.2d 396, under an identical situation of facts which is presented to us now, and, in that case the Court held that the expert could use his notes or other memoranda for «the purposes of refreshing his memory as such use would not be contrary to the provisions of *348 Article 1452 of the LSA-Code of Civil Procedure, saying:
‘‘When an expert witness is ordered to give testimony by deposition upon oral examination and to bring with him his zwitten appraisal or other mem-oranda uihich zmll remain in his pos- • session and under his control and will be used only to refresh his memory so that he may answer questions in regal'd to facts, we do not think that "production or inspection” of the writings has been ordered. In our view an order for “production or inspection” of writings, as those words are used in the second paragraph of Article 1452, contemplates more than was ordered here. This order of the judge, which required the witness to answer only questions in regard to facts, cannot be construed as directing the production or inspection of any writings, or the reading of the documents, or the divulging of their contents. Moreover, the order did not direct the witness to answer any questions that reflect his mental impressions, conclusions, opinions, or theories.” (Underscoring ours.)
Another question before us is the status of some of the questions which were propounded to the witnesses in the depositions, i. e., whether or not some of these questions asked |or the opinions of the experts. The attorneys for relators asked the experts what sales they had used as comparables in the making of their appraisals. It appears to us that this is merely a factual question which does not ask for an opinion. Had the question been why were these comparables used, our decision might be different. The question of what sales were used does not answer the question as to whether the sales actually were comparables. The recitation or listing of the comparables used by the witnesses in making their appraisal is simply a recitation of facts and not the giving of an opinion. If relators had attempted to explore whether the comparables used by the witnesses were good or bad comparables or to determine the reasoning process through which the appraisers went in order to decide what sales were comparables and which ones were not, then perhaps they could be charged with attempting to elicit opinions from the experts. In this case, however, the question was simply to recite those comparables used, and this we submit is a fact, not an opinion.
The question of expenses and attorney fees, which are sought by relator, are allowable under the provisions of Article 1511 of the LSA-Code of Civil Procedure.
For the reasons hereinabove assigned, the judgment of the Lower Court dismissing the rule to show cause is hereby reversed,, and the rule is made absolute and, accordingly, the witnesses, E. A. Tharpe, Jr., and’ H. B. Breeding, Jr., are hereby ordered to' answer the specific questions of facts set out in the transcript of the deposition which they either refused to answer or declined to answer without consulting their mem-oranda and notes; and they are further ordered to answer all questions of fact asked in regard to their appraisal of the property and the method and manner used in making their appraisal; and said E. A. Tharpe, Jr. and H. B. Breeding, Jr. are hereby prohibited from relying upon the excuse, that they must refer to written-memoranda prepared by them in contemplation of the trial in order to avoid fully testifying, and they are ordered to consult their notes and memoranda in order that they might answer the questions propounded to them upon oral deposition. The relatee herein is further condemned to pay to relators all reasonable expenses incurred in the attempt to take the depositions on-October 2, 1962, as well as all costs expended in the issuing of the writs herein,, including attorney fees in the sum of $250.-00.
Judgment reversed.