176 So.2d 390 (1965)
247 La. 1095
Jacob J. RAIA
v.
WWL-TV et al.
No. 47645.
Supreme Court of Louisiana.
June 7, 1965.
Dissenting Opinion June 16, 1965.
Rehearing Denied July 2, 1965.
Floyd J. Reed, Forrest L. Bethay, Reed, Reed & Reed, New Orleans, for plaintiff and relator.
H. Gordon Hartman, Hartman & Lococo, Denechaud & Denechaud, M. Hepburn Many, New Orleans, for respondents.
HAMITER, Justice.
In this defamation action instituted by Jacob J. Raia against WWL-TV, Loyola University of New Orleans, Leo Willette, Aaron Kohn and the Metropolitan Crime Commission of New Orleans, Inc., the plaintiff having alleged in his petition that certain published statements for which the defendants are responsible caused damage to himself and to his business, the issues presently before us arise out of an interlocutory, ex parte, discovery order issued by the district judge.
Following the filing of their several answers the defendants, specifically on January 12, 1965, obtained the ex parte order directing the plaintiff to produce certain described documents and other information in the office of M. Hepburn Many (who is counsel for two of the defendants) for inspection and copying. The motion on which the order was predicated alleged that the defendants "desire plaintiff to produce to movers for inspection and copying or photographing, for discovery purposes pursuant to Article 1492 C.C.P., at the office of M. Hepburn Many * * *" the said documents and information, all of which related principally to the operation of plaintiff's business that was allegedly damaged.
*391 Thereafter, the plaintiff moved to quash the discovery order and, pursuant to the motion, the judge "Ordered that the defendants, through their counsel, do appear in person and show cause on Friday, January 22, 1965, at 10:30 o'clock A.M., why the Order sought by them should not be quashed, rescinded, annulled and vacated."
On the designated return date the rule to show cause was heard, with all litigants (represented by their respective counsel) being present. Following the hearing the district court rendered a judgment overruling the motion to quash filed by plaintiff and ordering him to produce the documents and information originally requested by defendants. In the formal, signed judgment, preceding the decreeing clauses, the judge declared that the matter "came on for hearing January 22, 1965"; that he had "considered the pleadings and argument" of counsel; and that he was "of the opinion that the law and evidence is in favor of respondents."
Plaintiff's application to the Court of Appeal (Fourth Circuit), for relief from such ruling, was denied. That tribunal stated: "Writs refused. The showing made by relator does not warrant the exercise of our supervisory jurisdiction."
Subsequently, we issued writs under our supervisory powers to consider the regularity of the proceedings in the district court.
Here, the plaintiff primarily attacks the initial ex parte order and the judgment which overruled his motion to quash. He urges that the original order was improvidently issued inasmuch as (1) the motion on which the order was founded did not set forth "good cause", as required by Article 1492 of the Louisiana Code of Civil Procedure, it merely reciting that defendants desired to obtain the documents and information described therein; and (2) such an order cannot be issued except after the holding of a contradictory proceeding. He attacks the judgment overruling his motion to quash on the ground that at the hearing of such motion no evidence was adduced respecting "good cause", the court having merely heard argument of counsel as to the propriety or the validity of the ex parte order. Further, plaintiff complains of that part of the initial order requiring that the documents be produced in the office of adverse counsel instead of in some neutral place.
The defendants, on the other hand, insist that the original ex parte order was properly issued, they contending (1) that the nature of the documents and information sought, when considered in the light of the issues raised by the pleadings and of plaintiff's own testimony given in a deposition previously taken by them from him, bespeaks the "good cause" for and materiality of the items requested; and (2) that there is no requirement in our law that such an order be obtained after a contradictory hearing. Alternatively, they urge that any irregularity in the original order was cured by the contradictory hearing on the motion to quash at which the court considered the issues of relevancy and of "good cause" and rendered a judgment favorable to them. Further, they say that the place for production of the documents and the other information sought is of no moment or importance.
It is true that plaintiff alleged in his application for supervisory writs and argues in his brief that no evidence was taken at the contradictory hearing on the motion to quash. Moreover, no evidence appears in the transcript furnished to us. However, there is no certificate of the clerk or of the judge of the district court that such transcript is complete. Nor are there any minutes of the district court contained therein which would contradict the judge's recitation in his judgment that the law and evidence were in favor of these defendants. Hence, under these circumstances, we must invoke the well recognized presumption that the judge a quo had before him sufficient evidence and reasons to support the rulings complained of. Manning v. Shaw, 154 La. *392 717, 98 So. 163, Stout v. Henderson, 157 La. 169, 102 So. 193, Giglio v. Giglio, 159 La. 46, 105 So. 95, Williams v. Burnham et al., 185 La. 791, 171 So. 33, Maurer v. Haefner, 192 La. 929, 189 So. 579. Cf. Otis v. Sweeny, 43 La.Ann. 1073, 10 So. 247.
Having found that there was a contradictory hearing on the motion to quash anent the validity of the initial discovery order which resulted in a judgment maintaining it in full force and effect, it becomes unnecessary for us to determine whether or not such order was properly obtained in the first instance (on this question we do not now express an opinion).
This conclusion is in keeping with our decision in refusing an application for supervisory writs in Ackermann v. Columbia Casualty Company et al., 247 La. 354, 170 So.2d 868. In that case the same procedure was followed as occurred here, an ex parte discovery order having been maintained by a judgment overruling a motion to quash following a contradictory hearing on such motion (although the record therein affirmatively showed the taking of evidence).
With respect to that portion of the ex parte order attacked herein which requires production of the documents and the other information in the office of opposing counsel, we find no error. In this connection plaintiff argues that "To require relator to go to the office of the adverse parties' attorney and then and there make discovery is repulsive, unfair and smacks of a variety of star chamber proceeding. * * *" The only authority cited to sustain such argument consists of cases dealing with the taking of depositions which we do not consider to be analogous to the inspection and photographing of documents. The reasons for not requiring an individual to go into a hostile environment for submission to questioning clearly do not apply to document copying. Again, in the absence of a showing of special cause in a particular case, there appears no good reason why mature, educated members of the bar should not be able to effect the inspection and photographing of documents in the office of one or the other without repulsion and recriminations. Furthermore, the identical question was presented in the Ackermann case, cited supra, and there it was decided adversely to the position of this plaintiff.
In a third assignment of error the plaintiff asserts that the order complained of constitutes discrimination and a denial of due process as guaranteed by the Fourteenth Amendment of the United States Constitution. Plaintiff does not elaborate on this assertion, and we are at a loss to understand how the procedure followed by the district judge in any way involved discrimination or lack of due process, particularly in view of the fact that there was a contradictory hearing in connection with the motion to quash. Hence, there is no merit in the contention.
Finally, plaintiff assigns as error the refusal of the Court of Appeal to exercise its supervisory jurisdiction, he asserting that this constituted an abuse of the discretion vested in that tribunal. We deem it unnecessary to discuss this alleged error; for upon our issuing the supervisory writs, and our ordering the case here for a review, the action of the Court of Appeal became moot and immaterial.
For the reasons assigned the supervisory writs issued by us are recalled and the rule to show cause is discharged and vacated. Plaintiff shall pay the costs of this particular proceeding. All other costs shall await the final determination of the litigation.
FOURNET, C. J., concurs in the decree.
SUMMERS, J., dissents and assigns reasons.
SUMMERS, Justice (dissenting).
In this matter defendants filed a simple, short, unverified motion representing solely that defendants' counsel "desire plaintiff to produce to movers for inspection and *393 for copying or photographing, for discovery purposes pursuant to Article 1492, C.C.P. * * *" certain listed documents represented to be connected with a deposition alleged to have been taken on June 5, 1964. The deposition referred to is unavailable for our examination, it is not filed in the record and forms no part thereof.
This motion was granted ex parte by the trial judge without prior notice to plaintiff and ordered him to produce the documents at the office of defendants' counsel for copying.
The authority relied upon to uphold this action is Article 1492 of the Code of Civil Procedure. That article permits the issuance of an order to produce and permit the inspection and copying of documents which are relevant "upon motion of any party showing good cause therefor."
The meager allegation in the motion which formed the basis of the contested ex parte order is fatal to its validity. There has been an utter failure to show "good cause" here, even by allegation, if that were sufficient. The motion does not even contain an allegation that the documents to be copied were relevant. Nor is there a showing that the denial of the production of these documents would unfairly prejudice the defendants in preparing their claim or defense, or would cause hardship or injustice as specifically required by Article 1452. State Through Department of Highways v. Buckman, 239 La. 872, 120 So. 2d 461 (1960).
The scope of the discovery permitted by Article 1492 is limited by the language of Article 1436 providing that "deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."
Another, and the most important limitation on discovery, is the affirmative requirement of Article 1492 that the movant must demonstrate "good cause".
This requirement limits the freedom of action afforded a party who avails himself of Article 1492. He must initially establish, and the court must initially determine, in every case where a party seeks to have another party produce documents for copying, that good cause has been adequately demonstrated. This specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired material was relevant (which has not been shown here), for the relevancy standard has already been imposed by Article 1436. By adding the words "good cause" the legislature clearly indicated that there must be a greater showing of need under Article 1492 than under the other discovery rules.
This good cause requirement is not a mere formality, but is a plainly expressed limitation of that article. It is not met by mere conclusory allegations (or no allegation as in this case) of the pleadingsnor by mere relevance to the casebut requires an affirmative showing by the movant that each document, as to which examination is sought, is really and genuinely needed and the purpose for which it is sought is legitimate, or that good cause exists otherwise for ordering each particular examination. The ability of the movant to obtain the desired information by other means and the inconvenience, expense and prejudice to the party who must produce are also relevant factors.
Article 1492, then, requires discriminating application by the trial judge, who must decide, as an initial matter in every case, whether a party requesting examination of documents has adequately demonstrated the existence of "good cause". Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921 (4th Cir. 1962); Annot., 86 A.L.R.2d 138, 150 and 182 (1962).
This determination, of course, must be based upon evidence in the record which is subject to review on appeal. From this record there must be a comparative evaluation of competing claims of need and *394 prejudice. United Air Lines, Inc. v. U. S., 26 F.R.D. 213 (D.C.Del.1960). It is obviously not feasible to fairly accomplish this last objective by ex parte proceedings. For this reason I am convinced that an adversary proceeding is contemplated in such cases and is essential to attainment of the law's objective.
Furthermore, an adversary proceeding is clearly required by the code when it says: "If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party." La. Code Civ.P. art. 963. I submit that in no instance, without hearing the adverse party, is a mover "clearly" entitled to copy and examine documents of a litigant, his counsel or witness.
Thus, upon the trial of the motion to quash the ex parte order, plaintiff had only to show the documents, facts and circumstances surrounding the issuance of that order. Upon this showing, which, in effect, simply involved the production of the motion and order (which was done), plaintiff was entitled to have the order set aside. The dearth of allegations in the motion and the complete lack of any other evidence to support it presented a clear case for quashing the order.
Evidence presented by defendants on the motion to quash could not serve to cure the initial error which occurred when the order was issued without good cause. However, other than the stereotype phraseology in the trial court's judgment overruling the motion to quash to the effect that "the law and the evidence is in favor of respondent," there is nothing in the record which shows that any evidence was taken upon the motion to quash. Thus the conclusion of the trial judge that "the law and the evidence is in favor of respondent" merely compounds the error committed at the outset, for the record does not support the conclusion that there was any evidence in favor of respondent. Surely, evidence outside the record is no evidence.
I recognize, as I must, the wisdom of the rule that the trial judge is to be accorded a wide latitude and much discretion in such matters. But I cannot subscribe to the proposition that that discretion is without any rein whatever. Yet, if the opinion of the majority stands, that will be the situation, for there is nothing in this record by which that discretion can be judged on review.
I respectfully dissent.