GLADNEY, Judge.
We granted writs of certiorari herein to review certain rulings of the trial court relating to the production and discovery of evidence. In one of these rulings the plain *401 tiff was directed by ex parte order to produce for inspection and copying, under the provisions of LSA-C.C.P. Art. 1492, the medical reports of her personal physicians. Plaintiff by contradictory proceedings sought to quash the order but this motion after hearing was overruled and this application for writs by the relator followed. Included in her application were three questions presented by relator following an adverse ruling to her opposition to the means employed by Milwaukee Insurance Company in answering interrogatories propounded to it.
Plaintiff’s action arose from an automobile collision on October 31, 1964 wherein personal injuries were sustained by her while a passenger in the automobile operated by her husband. The accident occurred when the vehicle driven by Man-grum was struck from the rear by a car owned by Floyd C. Turner and almost simultaneously the Turner vehicle was struck in the rear by a vehicle owned and operated by the defendant, John Powell. The Powell automobile was covered by a liability insurance policy issued by the defendant, American Home Assurance Company and the Turner vehicle was insured by Milwaukee Insurance Company. Man-grum was named a defendant in a third party petition filed by Milwaukee Insurance Company.
Pertinent facts relative to the first issue presented herein discloses that John Powell and the American Home Assurance Company by motion filed on September 14, 1965 obtained an ex parte order directing relator to produce and file medical reports in order that movers might inspect and copy the same. In opposition to the motion counsel for relator moved for a contradictory hearing to the end that the order of September 14, 1965 be revoked and recalled. No evidence was adduced at the hearing and the court minutes note the court’s ruling thereon : “Motion to set aside the Order of Production of Documents argued and motion overruled.”
The substance of relator’s argument on this question is that when the ex parte order was obtained plaintiff had been examined only by doctors of her choice, and that the reports thereof included the expert opinions of her doctors, which, under the order would be required to be submitted for inspection and copying by a defendant; that plaintiff had not been requested or directed to submit to a physical examination by any other physician, and further, that depositions addressed to her own physicians had not been sought by interrogatories or oral examination. Therefore, it is contended LSA-C.C.P. Art 1452 may not be interpreted herein as, to require the production of such medical reports as were made to plaintiff or her counsel by the physicians selected by her. .
The respondents, John Powell and American Home Assurance Company, averred in their motion that their request for copies of the medical reports rendered by doctors who had examined plaintiff concerning her injuries had been refused by plaintiff’s attorney, and that as such reports were necessary and material to their defense, LSA-C.C.P. Art 1492 accorded to them the privilege of inspecting and copying said reports.
The pertinent part of LSA-C.C.P. Art 1492 provides:
“Upon motion of any party showing good cause therefor, and subject to the provisions of Article 1452, the court in which an action is pending or in which the judgment was originally rendered may:
(1) Order any party to produce and permit the inspection and copying * * * of any designated documents * * * not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Article 1436 and which are in his possession, custody, or control; * *
Manifestly, the area in which discovery is permitted under the article quoted is re *402 stricted by the provisions of LSA-C.C.P. Art. 1452, the pertinent part of which reads:
“ * * * The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety indem-nitor, expert or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writirfg that reflects the mental impressions, conclusions, opinions, or theories of an attorney or expert.”
Thus we find that Article 1452 contains two prohibitions with respect to the general application of Article 1492 in that it: 1) Prohibits the production or inspection of the written reports of experts prepared in anticipation of litigation or in preparation of trial, unless the denial will produce undue hardship; 2) Prohibits the production or inspection of any portion of the written conclusions, impressions, opinions ■or theories of an expert.
The opinions of licensed members of the medical profession are uniformly accepted as constituting expert testimony. As it is difficult to conceive of a medical report with respect to a patient’s condition without containing an expression of the doctor’s opinion, we hold the reports which form the subject of this discussion contained expression of expert opinion. State of Louisiana, through Department of Highways v. Riverside Realty Company, Inc., La.App., 152 So.2d 345 (1st Cir. 1963). We conceive of no substantial reason why pretrial depositions of the medical experts herein cannot be obtained. State of Louisiana, through Department of Highways v. Riverside Realty Co., supra; State through Dept. of Highways v. Spruell et al., 243 La. 202, 142 So.2d 396 (1962). Respondents have not disclosed any circumstances which show that undue prejudice will be caused in the preparation of their case or that will bring about undue hardship or injustice. For these reasons it is our conclusion that the medical reports sought by respondents fall squarely within both of the prohibitions of LSA-C.C.P. Art. 1452 as set forth above and consequently, the trial court erred in ordering the production and inspection of the medical reports.
We are cognizant of the ruling in Raia v. WWL-TV, 247 La. 1095, 176 So.2d 390 (1965) wherein the Supreme Court invoked the well-recognized presumption that in the absence of a transcript of evidence the judge a quo had before him sufficient evi-. dence and reasons to support the ruling complained of. We observe, however, that the cited case did not invoke application of the limitations imposed upon LSA-C.C.P. Art. 1492 by the provisions of Article 1452. It was not contended in Raia that the data sought therein through discovery means was affected by the limitations of Article 1452. In the instant case at the time the motion to produce was filed no request had been made for Mrs. Mangrum to submit to a physical examination concerning her injuries. At that stage of the case the written medical reports of plaintiff’s doctors, whose qualifications as experts in the case had not been determined, should have been regarded as reports prepared in anticipation of litigation or in preparation of trial and their production could not be required by an order of the court except upon a showing that denial of production would result in undue hardship or injustice. Our holding, therefore, is that the order of the trial court ordering the production and inspection of the medical reports was improvident and the order should be recalled.
The remaining questions posed by relator arise from a rule to show cause brought by relator relative to its opposition to the answers by Milwaukee Insurance *403 Company of its interrogatories. The questions so raised may be stated thus:
1. Was it proper for the attorney of record for the Milwaukee Insurance Company to sign its answers to the interrogatories served on the attorney by plaintiff;
2. Were the answers to interrogatories 1, 4, 5 and 7 sufficient, and
3. Were the objections to interrogatories 2, 3, 6, 8 and 9 proper.
LSA-C.C.P. Art. 1491 provides:
“Any party may serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. * * * ” (Emphasis supplied.)
Unquestionably, we think, in this matter the attorney for the Milwaukee Insurance Company who was served with the interrogatories has answered as “an agent of that company” as prescribed under Article 1491. No abuse of discretion is evidenced in the ruling of the trial court that signatures to the interrogatories by the attorney in this instance were proper.
The second and third questions raised with respect to the interrogatories concern the form of the answers to the interrogatories and objections thereto. The interrogatories propounded by plaintiff were as follows:
1.Give the name and address of the person or persons who gave you information that John W. Mangrum was guilty of negligence which was a proximate cause of the accident involved herein, as alleged information in paragraph 24 of your answer and third party petition.
4. Give the name and address of the person or persons from whom the information was obtained used to answer the interrogatory #3.
5. Give the name and address of the person or persons who gave you the information, that John W. Mangrum brought his vehicle to a sudden and abrupt stop without proper signal as alleged by you in paragraph 24 of your answer and third party petition.
7. Give the name and address of the person or persons from whom the information was obtained used to answer interrogatory #6.
In the response filed on behalf of Milwaukee Insurance Company, it is asserted:
“In answer to interrogatories Nos. 1, 4, 5 and 7 appearer states that the witnesses having knowledge of the manner in which the vehicles were operated and of their respective movements are: Claire Turner, Minden, Louisiana; Mary Banks, Minden, Louisiana.
The remaining interrogatories propounded were:
2. State in detail the information given to you by the person or persons in interrogatory #1 and upon which you rely to make the allegation of negligence on the part of Mr. Mangrum.
3. How far or how close was John W. Mangrum following the vehicle preceding him?
6. At what speed was the Turner vehicle traveling before brakes were applied to stop it behind the Mangrum vehicle ?
8. State specifically the factual basis of your allegation that Mr. Mangrum was not maintaining a proper lookout and did not have his car under proper control.
In response to these interrogatories the pleading filed on behalf of Milwaukee Insurance Company asserts:
Milwaukee Insurance Company “objects to interrogatories Nos. 2, 3, 6, 8 *404 and 9 on the grounds that said interrogatories are improper in that they seek to elicit evidence which is as available to plaintiff as to the defendants.”
The basic rule concerning interrogatories is to be found in LSA-C.C.P. Art. 1491. Also relative are Articles 1452 and 1436 of the Code of Civil Procedure. The intent of these articles appears to be that an agent answering for the corporation is not bound to divulge all information obtained through interviewing prospective witnesses and particularly is this true if those persons are as readily available to the plaintiff as to the defendant for examination. We held in Self v. Employers Mutual Liability Insurance Company, La.App., 90 So.2d 547 (2nd Cir. 1956) that information obtained by an adverse party in anticipation of trial will be denied where witnesses are available and can and will furnish to movant the desired information. Absent a showing that the witnesses are not available to the movant for the purpose of obtaining their statement or other circumstances constituting good cause, production of this information need not be required by the court. In the instant case plaintiff did not allege the interviews of adverse counsel resulted in written reports signed by the prospective witnesses, nor did it seek such reports. There has been no actual showing by plaintiff of the need for such information. We can discern no prejudice which has resulted in the failure to list the witnesses individually rather than as a group, as was done by Milwaukee. Relator has not pointed out where it will be prejudiced as a result of the manner in which the interrogatories have been answered by the respondent, Milwaukee Insurance Company, and therefore, the ruling of the district judge with respect to the questions posed was correct.
In view of our holdings as hereinabove set forth, the writs of certiorari heretofore issued herein directed to the Honorable O. E. Price, Judge, Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, are made absolute but only insofar as they relate to the production of medical reports, as described in the motion of September 14, 1965; the judgment of said court overruling the contradictory rule filed on September 22, 1965 is set aside and the motion sustained. The rulings of the district judge upon the questions presented in connection with the interrogatories propounded, as are made the subject of the issuance of writs herein, are affirmed and the writs as issued in connection with these propositions are hereby recalled.
The case is remanded for further proceedings not inconsistent with the views expressed herein. All costs incurred in this hearing of the supervisory writs are taxed against respondents, John Powell and American Home Assurance Company.