191 So.2d 642

**Mary G. DUGAS et vir**

**v.**

**CONTINENTAL CASUALTY COMPANY et al.**

**No. 48416.**

Nov. 22, 1966.

For majority decision see 191 So.2d 141.

1. Article 1492 provides:
"Upon motion of any party showing

SUMMERS, Justice (dissenting from the refusal to grant writs).

Plaintiffs, Mr. and Mrs. Dugas, sued defendants for, among other things, personal injuries incurred by Mrs. Dugas in an automobile accident. Prior to trial defendants filed a motion to obtain possession of X-ray pictures taken of Mrs. Dugas after the accident, alleging simply that "It is necessary that mover have the privilege of obtaining possession of said X-rays to aid Dr. H. R. Soboloff in his examination and evaluation of the plaintiff's case."

On the basis of this motion, a rule was issued by the trial judge ordering Mrs. Dugas to show cause why the X rays should not be furnished to defendants in connection with their evaluation of her claim.

Mrs. Dugas filed written objections in which she set forth that the X rays were privileged, and their production could not be ordered except upon "showing good cause therefor" as required by Article 1492 of the Code of Civil Procedure.[1]

The third objection, which she interposed to the motion for production, was that, although by Article 1492 the court is authorized to order plaintiff "to produce and permit the inspection and copying or photographing" of evidence in plaintiff's possession or control, the court is not author-

good cause therefor, and subject to the provisions of Article 1452, the court in

ized to require that possession of the evidence be surrendered to defendant's counsel.

When the rule was tried, defense counsel stated orally that the X rays were needed to compare Mrs. Dugas' prior examination with a present or future examination to ascertain what, if any, difference there might be.

The judge found that the allegation in defendants' motion would perhaps not be sufficient to satisfy the requirement of good cause, but he was of the opinion that defense counsel's oral statement in court supplied the deficiency. Accordingly, Mrs. Dugas' objections were overruled and the X rays were ordered surrendered for ten days to defendants' counsel at his office.

In Mrs. Dugas' application to this court for certiorari which followed, the objection that the X rays were privileged was not urged upon us. However, the court's action in overruling the objection that good cause had not been shown and the objection that Article 1492 did not authorize the court to require plaintiff to surrender her evidence

were strenuously urged as grounds for the issuance of certiorari. We denied certiorari.

According to the application before us and the trial judge's written reasons, no evidence was taken at the hearing, and the order issued merely upon the conclusory allegation of defendant's counsel contained in the written motion for production supplemented by counsel's oral statement to the trial judge at the hearing on the rule. Based upon this understanding, it is my opinion that it was error to deny certiorari.

In Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963) we held that it was proper to resort to federal authorities in construing our procedural statutes which are based upon federal procedural statutes. Since Article 1492 is taken from Rule 34 of the Federal Rules of Civil Procedure, with a minor and irrelevant exception, and as this court has not yet expressed itself on the problem presented here, it is proper to resort to federal authorities for guidance.

which an action is pending or in which the judgment was originally rendered may:

"(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Article 1436 and which are

in his possession, custody, or control; or

"(2) Order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Article 1436. The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

Unlike the action of the trial judge in Raia v. WWL–TV, 247 La. 1095, 176 So.2d 390 (1965), where production of documents was ordered ex parte, the trial judge in the case at bar issued a rule to show cause, which, under my view, was the required procedure in this case. (However, as I shall point out, a formal hearing may not be necessary in all cases.) See 2A Barron and Holtzoff, Federal Practice and Procedure, §§ 801 and 802.

What I consider to be the main objection to the order requiring production is its failure to properly apply the "good cause" requirement of Article 1492. As I stated in my dissent in the Raia Case:

"This good cause requirement is not a mere formality, but is a plainly expressed limitation of that article. It is not met by mere conclusory allegations * * * of the pleadings—nor by mere relevance to the case—but requires an affirmative showing by the movant that each document, as to which examination is sought, is really and genuinely needed and the purpose for which it is sought is legitimate, or that good cause exists otherwise for ordering each particular examination. The ability of the movant to obtain the desired information by other means and the inconvenience, expense and prejudice to the party who must produce are also relevant factors."

Undoubtedly it is difficult to define good cause in such a manner that it will provide

clear guidelines for the solution of all cases. But it is uniformly held by the courts which have dealt with the problem that conclusory allegations of counsel, like in this case, do not satisfy the requirement. Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964); Lindsey v. Escude, 179 So.2d 505 (La.App. 1965). See also 4 Moore's Federal Practice, § 34.07, footnote 7 (1963); 2A Barron and Holtzoff, Federal Practice and Procedure § 796 (1961).

To disregard the good cause requirement and to order production merely upon conclusory allegations without supporting evidence is to do violence to elementary canons of construction. Disregarding the good cause requirement affords no opportunity to the adversary to produce countervailing evidence, for no evidence has been produced against him. Under such a practice the party against whom the production is sought is required to rebut and defend against vague and unsupported allegations, or statements made by counsel in open court concerning which no advance notice has been given. This, of course, shifts the burden from the party seeking production, where the burden squarely rests under Article 1492, to the shoulders of the party against whom production is sought—an obvious departure from fundamental standards of fairness.

And how is a reviewing court to measure the exercise of a trial court's discretion

where that discretion is not based upon any record evidence? An order not supported by the record, in effect, denies the aggrieved party the right of review on appeal, for it cannot be determined whether the trial court has properly exercised its discretion without the evidence upon which that discretion is founded. Sacco v. Greyhound Corp., 24 F.R.D. 257 (D.C.Pa.1959).

As I understand Article 1492, a formal hearing should usually be held when the taking of testimony is required to establish good cause. On the other hand, when good cause may be established by satisfactory documentary evidence alone, the documents may be attached to the motion, making a hearing unnecessary. A party aggrieved by the order to produce may then move to set aside that order as having been improvidently issued. Only in this manner do I feel that Article 1492 can be observed and the fundamental rights of litigants preserved. Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). These several reasons dictate a more rigid construction of the good cause requirement than has been utilized in the instant case.

Moreover, as the third objection of Mrs. Dugas discloses, the defendants are asking for the surrender of possession of the X rays, a privilege which is not accorded by the plain terms of Article 1492. The article provides only for production to "permit the copying or photographing" of the evidence. I do not believe that courts may properly extend its scope by compelling the surrender of possession to defendant for ten days, as was done here.

I persist in the view I have expressed on the show cause issue under Article 1492 for I believe the rule has been too liberally applied again. By comparison, it may be said, Rule 34 of the federal rules is rigidly construed by the federal courts. I prefer the federal interpretation. It is only logical and just that such a rule be applied with caution. Any legal device which permits the invasion of an individual's privacy by compelling production of documents or photographs in his files must command careful scrutiny.

Furthermore, this court should articulate its view of the problem for guidance of the bench and bar who are applying the rule differently in different parts of the State.

I respectfully dissent.