YARRUT, Judge.
A remedial writ was granted herein to consider the validity of the trial court’s refusal to permit a discovery deposition asking the appraisers of the Plaintiff to give the comparables used by them in fixing the amount Defendant was entitled to receive for his property. The question refused reads as follows:
“4) If comparable sales were used as a basis by any of the appraisers, please give the number of the lot, number of the square, municipal district, dimensions and brief description of the improvements, date of sale and amount of sale of each of the com-parables used.”
The objection to this question is that LSA-C.C.P. art 1452 provides, inter alia, as follows :
“The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
Defendant contends the request for comparable sales used is not asking for an opinion but only for a fact, that is: “What comparables did you use?” not “Why did you use such comparables ?” In the latter case it would indeed be asking for the opinion of the appraisers. The propriety of such a question was squarely held in State Through Dept. of Highways v. Riverside Realty Co., La.App., 152 So.2d 345 and State Through Dept. of Highways v. Spruell, 243 La. 202, 142 So.2d 396. Accordingly, the question called for a statement of fact, not an opinion, and should not have been disallowed by the trial court. Counsel for the Highway Department in oral argument and brief spent most of his time arguing that a remedial writ should not have been granted because the Defendant had an adequate remedy by appeal.
Since we exercised our supervisory jurisdiction in granting the writ, the correctness of our so doing is now moot. We are concerned now only with the merits of Relator’s contentions.
Accordingly, the order of the trial judge refusing to permit Plaintiff’s appraisers to answer the question at issue, as to what comparables were used by such experts, was erroneous and the case should be remanded to permit Defendant to obtain such information by the discovery deposition.
The ruling of the trial judge is reversed; and the case remanded to the trial court for the purpose stated above; all taxable costs to be paid by Plaintiff.
Ruling of trial court reversed and case remanded.