DOMENGEAUX, Judge.
Plaintiff, Garland A. Smith, instituted these proceedings to annul and set aside a Sheriff’s sale of his property under execu-tory process and for damages for the alleged wrongful seizure and sale. Made defendants are: Progressive Savings & Loan Association of Natchitoches, Louisiana, the seizing creditor; David Moore Development Company, Inc., from whom Smith had purchased the property and assumed the mortgage foreclosed by the seizing creditor; E. C. Breedlove, Inc., who held a second mortgage on the property, and purchased it at the Sheriff’s sale; James A. Ford, President of E. C. Breedlove, Inc.; and Bobby Adams, who purchased the property from E. C. Breedlove, Inc. Exceptions of no cause of action, no right of action and res judic.ata filed by the de *482 fendants were overruled by the trial court, but the final judgment rejected plaintiff’s demands and he appealed to this court.
Plaintiff alleges that the seizure and subsequent sale of his property was invalid because of lack of sufficient authentic evidence to support executory process. Specifically he alleges that the original note and a certified copy of the mortgage were not attached to the petition for executory process.
It is elementary that in order for execu-tory process to issue, the plaintiff must submit the original note sued upon and a certified copy of the act of mortgage securing same. LSA-C.C.P. Articles 2634— 2636. The record of the executory process suit filed in evidence contains a certified copy of the act of mortgage but does not contain the original note. This, says plaintiff, proves that it was not filed with the petition for executory process. We disagree.
The petition for executory process states that the note and a certified copy of the act of mortgage were attached thereto. The attorney who initiated those proceedings testified unequivocally and with complete certainty that the original note was filed with the petition, along with a certified copy of the act of mortgage, but that he subsequently withdrew the note from the record after the sale in order to have it cancelled.
It is true, as pointed out by plaintiff, that the record contains no order of court permitting the removal of the note from the record. Any irregularity in this regard would, however, be irrelevant to the issue before us, which is, was the note presented with the petition for executory process?
Besides the declaration of the petition and the affirmative testimony of the attorney who prepared it, we have the fact that the District Judge signed the order of executory process after considering, “The premises and documents and affidavit therein . . . . ” There is, of course, a presumption that judicial proceedings were conducted in a regular, legal and valid manner. Barr v. Freeman, La.App., 175 So.2d 649; Coen v. Toups, La.App., 168 So.2d 893; Vidrine v. Deshotels, 181 La. 50, 158 So. 618. There is the additional presumption which comes into play when evidence is missing from the record, that in rendering a judgment the trial judge proceeded on proper evidence. Williams v. Burnham, 185 La. 791, 171 So. 33; Leveige v. Greenhouse, La.App., 194 So.2d 475. Those presumptions are certainly not overcome by the absence of a document from the record, especially when the party who removed it therefrom testifies without contradiction that he did so only after the judicial proceedings to which it was essential had been completed.
In view, therefore, of the uncontra-dicted testimony that the note and certified copy of the act of mortgage were filed with the petition, and the legal presumptions supporting the validity of judicial proceedings and judgments and consequently lending credence to that testimony, we cannot say that the trial court erred in upholding the validity of the seizure and sale by executory process and dismissing plaintiff’s suit.
Having so concluded we need not consider whether the exception of res judicata, reurged by defendants on appeal, was properly overruled by the District Court.
Accordingly the judgment of the District Court is affirmed at the costs of plaintiff-appellant.
Affirmed.