PONDER, Judge.
We granted an alternative writ ordering the trial court to grant discovery or in the alternative that the judge and/or respondent show cause why the writ should not be made peremptory. The respondent has filed a brief.
The sole issue is whether defendant’s expert appraiser shall be made to answer interrogatories on the comparable sales he considered.
We make the writ peremptory and order the disclosure of the comparables considered.
Plaintiff expropriated some property belonging to the defendant who afterwards transferred his right “to any proceeds or awards which may be granted” in the expropriation proceedings to Rebel Well Service, Inc., which later changed its name to Livingston Oil Well Service. Plaintiff served some interrogatories on the defendant, two of which read as follows:
“9.
Were sales of comparable transactions of similar property in the vicinity of the subject property used to determine market value?”
“10.
If the answer to the preceding question is in the affirmative, enumerate all comparable sales or transactions that were considered, furnishing the names of the vendor and vendee, date of the transaction and book and page at which each transaction is recorded in the conveyance records.”
Defendant answered these as follows:
“INTERROGATORY. # 9
Yes.”

“INTERROGATORY # 10

See attached.”
Defendant, however, failed to make any attachment. Plaintiff secured an order to furnish the information. Defendant filed a motion to vacate the judgment on rule and later obtained a judgment that defendant was not required to furnish the facts asked for.
State, through Department of Highways v. Kronlage, 195 So.2d 295 (La.App.), required answers of the plaintiff’s expert in similar circumstances. Defendant, however, contends that the amendment to C.C.P.. Art. 1452, now Art. 1424, in 1976 and the case of Weidenbacher v. St. Paul Fire and Marine Insurance Company, 347 So.2d 1160 (La.1977) require a contrary result.
The holding of the Weidenbacher case is that the limitations of discovery of Art. 1425 apply to facts only, not opinions. However, that article requires the answering of interrogatories or questions at a deposition as to the identity of the expert witnesses, the subject matter on which the expert is to testify and to the substance of the facts to which the expert is expected to testify.
We believe that respondent has urged on-the trial court which has adopted too restricted a view of the meaning of the word substance.
*78 Webster’s Third New International Dictionary Unabridged defines that word in part as “essential nature, essence, a fundamental part, quality or aspect, essential quality or import, the characteristic and essential part.”
Black’s Law Dictionary, Revised Fourth Edition defines it in part as “essence, the material or essential part of a thing.”
We believe that the disclosure of comparable sales considered would come within the ambit of substance of facts.
The writ is therefore made peremptory and the trial court is instructed to require defendant to answer Interrogatory No. 10.
WRIT MADE PEREMPTORY.