UNITED STATES of America,
Plaintiff,
v.

62.50 ACRES OF LAND, MORE OR LESS,
SITUATE IN LAKE COUNTY, OHIO,
and Joseph J. Vidmar, et ux., et al., and
Unknown Owners, Defendants.

Civ. A. No. 34584.

United States District Court
N. D. Ohio E. D.

April 13, 1959.

Sumner Canary, U. S. Atty., Cleveland, Ohio, for plaintiff.

John Lansdale, Jr., Donn B. Miller, Cleveland, Ohio, for defendants.

WEICK, District Judge.

This is a condemnation proceeding. The Government has taken varying interests in the lands of the Diamond Alkali Corporation, (hereinafter referred to as defendant), including a fee simple and five different types of easements. These acquisitions cover only a part of defendant's lands. It is reasonably obvious from the pleadings in this matter that the construction of a Nike site is planned on the land condemned.

The Government objects to four interrogatories propounded by defendant and moves that they be stricken.

Interrogatories 4 and 5 relate to an explosion which occurred at the Middletown, New Jersey Nike site in May, 1958.

Interrogatory 7 inquires whether the Government has promulgated any regulations with respect to the "housekeeping" activities on Nike sites.

The principle objection raised by plaintiff is that the information sought by these interrogatories is classified under

Code of Federal Regulations § 505.1 et seq. Further, the objection of materiality is also raised.

 The subject of the interrogatories is material, in that the safety measures practiced by the Government may limit the use of the land which has not been acquired. When, such as here, only part of a landowner's tract is taken just compensation consists of both the loss of the land taken and the loss from the effect of such taking on the property remaining. United States v. Miller, 1943, 317 U.S. 369, 376, 63 S.Ct. 276, 87 L. Ed. 336; United States v. 29.28 Acres of Land, D.C.N.J.1958, 162 F.Supp. 502, 506.

 The assertion that the material involved is classified under Code of Federal Regulations § 505.1 et seq. is evidently aimed at raising the executive privilege of non-disclosure of military secrets.

The Regulations referred to are those establishing the various categories of classified information and rules for their protection and dissemination.

The Supreme Court has defined the proper procedure for spreading the cloak of secrecy over such documents. United States v. Reynolds, 1953, 345 U.S. 1, 7, 73 S.Ct. 528, 97 L.Ed. 727. That procedure has not been followed in this instance.

Furthermore, this claim of privilege is premature. Halpern v. United States, D.C.N.Y.1957, 151 F.Supp. 183, 184. Any privilege which might be properly asserted is against the disclosure of the contents of the documents in question. These interrogatories ask only of the existence and not of the content. Hence, the claim of privilege does not as yet apply.

 Interrogatory 6 asks the United States to:

"State whether any instructions, papers, documents, plans, charts, maps, graphs, studies, bulletins, or documents of any kind, have been or will be furnished or made available in connection with the present action or in connection with any other appraisal of land to be used for Nike site purposes, to any person employed by the United States of America as an appraiser in this cause?"

The Government contends that this calls for appraisal information which is not properly the subject of discovery.

The cases cited by the Government in support of its position are distinguishable on the basis of the information attempted to be elicited. For the most part, they stand for the proposition that the *valuation* arrived at by the Government's appraisers should not be the subject of discovery, in that it is not binding on the Government.

Here, no attempt has been made to inquire of a valuation, but rather an attempt is made to determine in what manner and based on what criterion any valuation will be reached.

In United States v. 50.34 Acres of Land, D.C.N.Y.1952, 13 F.R.D. 19 the fundamental principle is stated that documents may be reached under the discovery rules where they might give clues as to the existence or location of relevant facts; or where they might be useful for purposes of impeachment or corroboration, citing Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451; Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469; 1946 Report of the Advisory Committee on Rules to subdivision (b) of Rule 26, 28 U.S.C.A. Proceeding on this basis, the landowner involved was given access to the complete report of the Government appraisers upon the condition of paying part of the appraisers' fees.

While not wishing to express an opinion at this time on the extent to which the court in that case went—requiring disclosure of the final expert opinion— I think the principle is sound.

In the event that the Government appraisers appear as witnesses the defend-

ant should be entitled to cross-examine them on how they reached their conclusions. In so doing, it is entirely reasonable that the line of inquiry would encompass any documents supplied to them by the Government to facilitate their evaluation.

The documents referred to in Interrogatory No. 6 are of such a nature. Therefore, defendant should be entitled to know of the existence of such documents in order that it may properly test the validity of any conclusions drawn therefrom.

The objections to Interrogatories Nos. 4, 5, 6 and 7 will be overruled and the motion denied.