FOURNET, Chief Justice.
The State of Louisiana, through the Department of Highways, having secured an order pursuant to the provisions of R.S. 48:441 et seq., expropriating certain property belonging to Charles A. Buckman and Henry P. Mirandona, the defendants, on motion, obtained an ex parte order directing the state to produce for purposes of inspection, copying, or photographing “all written contracts between plaintiff and Robert L. Newell or Max J. Derbes, Jr., or both [realtors appointed pursuant to R.S. 48:443 and 48:442(4) who estimated just compensation for the property to be $190,-000, which the state deposited in the registry of the court], and all written instructions issued to said Newell or Derbes, or both, relative to or bearing upon the estimate or estimates to be made and made by them of the property taken in these proceedings;” and, upon the trial judge’s refusal to set aside the order, plaintiff applied for, and was granted, writs with a stay order directing the district court to transmit the record to this court to the end that the validity of the production order might be ascertained.
The order complained of was issued pursuant to the provisions of R.S. 13:3782.[1] *462 However, the power conferred upon the court by this statute is by its very terms subject to limitations set forth in R.S. 13:3762, the pertinent part of which provides :
“The Court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation fdf trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection or any part of the writing that reflects an attorney’s or expert’s mental impressions, conclusions, opinions or theories.” (The emphasis has been supplied.)
The documents ordered produced in this case were prepared in anticipation of this expropriation proceeding in strict accordance with the provisions of the Revised Statutes on the subject matter, and, therefore, come within the prohibition above referred to; and inasmuch as there is a total lack of any showing that the denial of production of these documents would unfairly prejudice the defendants in preparing their claim or defense, or would cause undue hardship or injustice, the trial judge was without authority to grant the ex parte order. The order here complained of was secured on a simple motion of the defendants in which is contained the mere statement that the “contracts and instructions may be material in testing the validity of the estimate made * * *, and may affect the evidentiary value of such estimates.”
Counsel for defendants, however, argues in brief that the trial judge’s action should not be disturbed inasmuch as the documents ordered produced fall within the category of public records as defined in R.S. 44:1, which are made subject to examination, copying, and photographing under R.S. 44:-31. The simple answer to this is that the procedure with respect to obtaining public records was not followed in this case. The order was issued on simple motion prepared by defense counsel as being “pursuant to La.R.S. 13:3782.”
For the reasons assigned, the rule issued herein is made absolute, and, accordingly, the judgment of the lower court ordering the plaintiff to comply with the order of January S, 1960, is reversed, and it is now-ordered, adjudged, and decreed that the order of January 5, 1960, be set aside, all at defendants’ cost.

. The pertinent part of R.S. 13:3782 provides: “Upon motion of any party showing good cause therefor, and subject to the provisions of R.S. 13:3762, the court *462 in which an action is pending or in which the judgment was originally rendered may:
“(1) Order any party to produce and' permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by R.S. 13:3752B and which are-in his possession, custody, or control:: * * *»