HAWTHORNE, Justice.
 

 We granted certiorari on application of the State of Louisiana through the Department of Highways so that we might review an order of the district court commanding one of relator’s expert witnesses to answer questions asked him upon oral examination by a party defendant to the suit, which was proceeding under the discovery provisions of our law, and to have with him whatever written memoranda or
 
 *205
 
 material he would need to answer the questions.
 
 [1]
 

 It is relator’s contention that the judge violated certain provisions of our discovery procedure when he ordered this expert witness to have with him written memoranda and material needed to answer questions asked on oral examination.
 

 In Order to decide this case we are called upon to construe and interpret provisions of our new Code of Civil Procedure dealing with discovery, and for this task the Legislature has provided us with certain aids.
 

 When the Louisiana State Law Institute submitted the Projet of the Louisiana Code of Civil Procedure to the Legislature in 1960 as a printed bill, a resolution adopted by the House with the Senate concurring (House Concurrent Resolution No. 3) recognized that citation and discussion of authorities, preliminary statements of chapters, and comments under the articles, contained in the Projet, would prove invaluable to legislators, judges, state officials, and lawyers in the application of the new procedural rules and the construction and interpretation of the language of the articles. The resolution accordingly authorized that the Projet’s introductions to books and titles, preliminary statements of chapters, and comments under articles were to be printed in the official copies of the' Louisiana Code of Civil Procedure when’ adopted. ■ '
 

 The preliminary statement of Book II, Title III, Chapter 3, “Depositions and Discovery”, informs us that the articles in that chapter are an adaption of the discovery provisions formerly contained in Louisiana Revised Statutes, Title 13, Sections 3741-3794, enacted into law by Act: 202 of 1952. According to this statement, that act was modelled almost exclusively on federal rules, which in most instances were adopted verbatim except for necessary mechanical changes to make them adaptable for use in the state courts; in our Code, however, some federal ‘ policies were rejected as unworkable and others modified, and in some instances well established Louisiana concepts were added.
 

 Although discovery procedure had its inception in this state in 1952, this procedure has been used in other states and in the federal courts for some time. Its purpose is to afford all parties a fair opportunity to obtain facts pertinent to litigation, to discover the true facts and compel disclosure of these facts wherever they may be found; to assist litigants in preparing their cases for trial; to narrow and clarify the basic issues between the parties. The use of discovery procedure
 
 *207
 
 facilitates and expedites the trial of cases, and, indeed, often obviates the necessity of trial by leading to settlement or to abandonment of a claim.
 

 The issue regarding the discovery procedure in the instant case arose in the following way. The State of Louisiana through the Department of Highways instituted this action for the expropriation of certain property in Ouachita Parish, pursuant to R.S. 48:441-460,
 
 [2]
 
 naming Mrs. Bessie Spruell, Kellogg Oil Company, Inc., and Shell Oil Company as defendants, and deposited in the registry of the court $43,-500.00, alleged to be just compensation for the property taken.
 
 [3]
 
 This estimate was made by two licensed realtors, whose certificate of just compensation is attached to the petition.
 

 Kellogg Oil Company, Inc., filed an answer which, among other things, denied that the amount of the deposit represents the fair market value of the property, set forth the amount it claims, which is considerably more than the amount of the deposit, and prayed for a trial to determine the market value of the property expropriated.
 
 [4]
 

 Before trial to detertnine that issue the defendant Kellogg sought, under the discovery procedure, to take the oral deposition of Gere A. Tharpe, one of the realtors who signed the highway department’s certificate of just compensation. At the time and place fixed for the taking of the testimony by deposition upon oral examination the witness appeared and under questioning by counsel for Kellogg admitted having appraised the property here involved. He testified, however, that he did not recall the fair market value assigned by him or any of the particulars in regard to the appraisement, and could not recite these matters without referring to his notes or reports. He testified also that he had been instructed by counsel for the Department of Highways not to refer to his notes and not to prepare himself in any manner to testify. Accordingly, as stated by counsel for the Department of Highways in brief filed in this court, “The attempt of the defendant to take oral deposition of the witness failed, caused by the fact that the questions addressed to him were such that he could not safely answer them without resort to his written detailed appraisal report”.
 

 Subsequently counsel for Kellogg caused a rule to issue out of the Fourth Judicial District Court for the Parish of Ouachita
 
 *209
 
 directing the witness Tharpe and the State of Louisiana through the Department of Highways to show cause at a time fixed why the witness should not be ordered to answer
 
 all questions
 
 asked in regard to his appraisal of the property and the method and manner used in making this appraisal, and also to show cause why Kellogg should not be awarded reasonable expenses including reasonable attorney’s fees for obtaining the order.
 

 In due course this rule was tried, and after trial the district judge entered the following order:
 

 “IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED: That Gere A. Tharpe, Jr., defendant-in-rule, testify upon oral deposition and answer all questions propounded in regard to facts upon which he based his appraisal of the property involved in this proceeding; that he may not rely upon the excuse that he must refer to written memorandum prepared by him in contemplation of the trial in order to avoid fully testifying; and that whatever material he expects to use upon the trial of this case in order that he may testify fully, he is expected to have in order that he might answer the questions propounded to him upon oral deposition;
 

 ******
 

 “IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That the failure of the said Gere A. Tharpe, Jr. to adequately prepare himself to testify amounts to á refusal to answer the questions propounded to him upon oral ex-, amination; that said refusal was without substantial justification;’ and that defendant-in-rule, State of Louisiana through the Department of Highways, the party advising the refusal, pay to plaintiff-in-rule reasonable expenses incurred in obtaining this order, including reasonable attorney’s fees, in the amount of One Hundred and No/100 ($100.00) Dollars;
 

 “IT IS FURTHER ORDERED, ADJUDGED AND DECREED: That this Court shall retain jurisdiction in this matter to issue all orders and decrees as may appear necessary to carry out the full import and purpose of this judgment.
 

 ******
 

 (signed) “Mack E. Barham “JUDGE”
 

 This is the order of the judge which we have before us for review.
 

 As a preface to discussion of the issues here presented, it is well to note that the order of the judge rendered after trial of the rule did not grant to plaintiff-in-rule Kellogg all the relief sought, for the court
 
 deliberately limited its order
 
 by requiring the expert witness to testify upon oral deposition and answer only questions propounded in regard
 
 to facts
 
 upon which he based his appraisal of the property involved
 
 *211
 
 in this proceeding. In short, as we understand this order, only facts could be elicited from this witness on the discovery examination.
 

 In taking the deposition of this expert Kellogg was acting under the authority conferred by Article 1436 of our Code of Civil' Procedure. This article provides that “A party may take the testimony of
 
 any person,
 
 including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes”; that “Unless otherwise ordered by the court as provided by Article 1452 or 1454, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * * ”. (Italics ours.)
 
 [5]
 
 There is no specific exclusion of experts as such from the- provisions of this article.
 

 That experts were not intended to be excluded is. shown by what,Mr. Leon D. Hubert, Jr., one. of the reporters who drafted the Projet of the Code of Civil Procedure, a member of the Council of the Louisiana State Law Institute, and a member of the faculty of the Tulane University School of Law, said in this regard:
 

 “However, -the question of whether the deposition of an expert (as apart from forcing him to produce documents) can be taken has come up before the federal courts with ¡differing views. It has been held that the depositions of an expert could not be taken. Boynton v. R. J. Reynolds Tobacco Co., 36 Fed.Supp. 593 (D.C. Mass.1941). But the contrary has also been held, Sachs v. Aluminum Co. of America, 167 Fed. [2d] 570 (C.C.A. 6th, 1948).
 
 The Council decided to omit any reference to this matter, on the theory that silence would
 
 place;
 
 the expert in the position of any other witness and that his deposition could he taken.”
 
 (Italics ours.) 3 LSA-C.C.P. p. 670; see also Hubert, The New Louisiana Statute on Depositions and Discovery, 13 La.L.Rev. 173, 193-194.
 

 Relator, the Department of Highways, contends and argues that we should reverse the order of the trial judge because he was .acting contrary to the second paragraph of Article 1452 of the Code of Civil Procedure when he ordered the expert witness Tharpe to have in his possession at the time he gives his testimony on oral - deposition the material or written memoranda prepared by him in contemplation of the trial in order that he may ánswer the questions propounded.
 
 [6]
 

 
 *213
 
 The second paragraph of Article 1452 reads as follows:
 

 “ * * * The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order'the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
 

 These provisions prohibit the court from ordering the production or inspection of any writing obtained or prepared by the adverse party, his expert, etc., in anticipation of litigation or in preparation for trial unless the court is satisfied that denial of production or inspection will unfairly prejudice the party seeking it in preparing his claim or defense or will cause him undue hardship or injustice. Moreover, under these provisions, even when the party seeking the production or inspection of such a writing has satisfied ■ the court that its denial will cause him undue hardship ór injustice in preparing his claim or defense, the court is prohibited from ordering the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an expert.
 

 Relator argues that the order of. the trial judge requires the production or inspection of the appraisal report or other memoranda prepared by this expert for .use at the trial. We do not think that it does.
 

 When an expert witness is ordered to-give testimony by deposition upon oral' examination and to bring with him his written appraisal or other memoranda1 which will remain in his possession arid' under his control and will be used only to re-
 
 ’•
 
 fresh his memory so that he may answer questions in regard to facts, we do not; think that “production or inspection” of the1 writings has been ordered. In our view an order for “production or inspection” of writings, as those words are used in the second paragraph of Article 1452, contemplates more than was ordered here. This order of the judge, which required the witness to answer only questions in regard to facts, cannot be construed as directing the production or inspection of any writings, or the reading of the documents, or the divulging of their contents. Moreover, the
 
 *215
 
 order did not direct the witness to answer any questions that reflect his mental impressions, conclusions,
 
 [7]
 
 opinions, or theories.
 

 Counsel for Kellogg have called our attention to the rulings in certain federal cases that the landowner is entitled to determine from experts "in what manner and based on what criterion any valuation will be reached”, U. S. v. 62.50 Acres of Land (D.C.Ohio 1959), 23 F.R.D. 287, 288, and is entitled to discovery of factual material in appraisers’ reports. U. S. v. Certain Parcels of Land (D.C.Cal.1953), 15 F.R.D. 224. See also U. S. v. 62.50 Acres of Land, More or Less, Situate in Lake County Ohio (D.C.Ohio 1959), 23 F.R.D. 287; U. S. v. Certain Parcels of Land in City and County of San Francisco, State of Cal. (D.C.Cal.1959), 25 F.R.D. 192; U. S. v. 19.897 Acres of Land, More or Less, in Town of Islip, Suffolk County, State of N. Y. (D.C.N.Y.1961), 27 F.R.D. 420 ; 3 Barron and Holtzoff, Federal Practice and Procedure (Rules Ed. 1958), 1961 pocket part, p. 124, Condemnation of Property.
 

 We therefore conclude that the order of the trial judge was correct and does not violate the second paragraph of Article 1452 of the Code of Civil Procedure.
 

 Counsel for relator cite and rely on State of Louisiana, Through Department of Highways v. Buckman, 239 La. 872, 120 So.2d 461. That case is not pertinent or controlling here. There we set aside an order of the lower court directing the Department of Highways to produce, for the purpose of inspection, copying, or photographing, certain written contracts between it and its expert appraisers. In the instant case the order of the district judge does not command either directly or indirectly the production or inspection of any instrument or document.
 

 Counsel for relator devote several pages of their brief to an attack upon the decision of the Court of Appeal, Second Circuit, in State of Louisiana, Through Department of Highways, v. Cook, 124 So.2d 221, permitting an expert appraiser for the department to be called
 
 under cross-examination during the trial
 
 under R.S. 13:3663 (now Article 1634 of the Code of Civil Procedure). We do not see any connection between the holding in that case and the issue presented for our determination in the instant case.
 

 The order of the Fourth Judicial District Court for the Parish of Ouachita is affirmed, and the case is remanded to that court for further proceedings.
 

 [1]
 

 . Relator first made application for writs to the Court of Appeal, Second Circuit, but that • court denied its application.
 

 [2]
 

 . Under these sections the Department of Highwáys acquires the property prior to judgment in the trial court.
 

 [3]
 

 . This deposit has been withdrawn by the defendants under the authority of R.S. 48:449.
 

 [4]
 

 .Under R.S. 48:453 the market value of property expropriated is determined as of the time the compensation is deposited in the registry of the court, and the defendant has the burden of proving its claim for an additional amount.
 

 [5]
 

 . Kellogg by taking the -testimony of the a 'realtor for the -purpose' of discovery did not make this person its own witness ’ for any purpose. La.O.C.P-. Art. 1430.
 

 [6]
 

 . It will be remembered that the deponent Tharpe had testified that he did not,.recall any of the particulars in regard to liis ap
 
 *213
 
 praisal and could not
 
 testify
 
 as to
 
 these
 
 matters without referring to his notes or reports, and that he had been instrueted by counsel for the department not to refer to his notes and not to prepare himself in any manner to testify.
 

 [7]
 

 . This being an expropriation proceeding, the conclusion of this expert as to what constitutes just compensation for the property taken is a matter of record, as shown by Exhibit P-5 attached to the department’s petition.