McBRIDE, Judge.
Plaintiff sued defendant for $27,584.70 for damages to materials shipped over defendant’s railroad. Plaintiff on motion obtained an order directing defendant to “produce and permit the inspection, copying and photographing” * * * “for the purpose of enabling him (plaintiff’s attorney) to prepare for trial on the merits,” certain documents which the mover alleges are in the possession of defendant which “constitute or contain evidence relating to petitioner’s cause of action” consisting of the following:
“(1) The contract or tariff or any other similar document relative to ‘plan 2 piggy back’ which was in force and effect in the months of December, 1963 and January, 1964.
“(2) That certain letter dated January 27, 1964, written by Mr. S. E. Bertucci, Agent, or Mr. J. E. Schelder to Mr. Lucas Bruno, in reference to N-38027.
“(3) Copy of bill of lading pertaining to the shipment referred to in the petition.
“(4) Pictures of the merchandise and trailer taken by the defendant.
“(5) All statements made by any agents of the defendant or by any other witnesses who will testify in Open Court pertaining to this cause.”
Upon the lower court’s refusal to set aside the order on a rule, defendant applied for, and we granted writs, with a stay order, directing the district court to transmit the record to this court in order *871 that the validity of the production order might be ascertained.
The order complained of was issued pursuant to C.C.P. art. 1492, the pertinent parts of which read:
“Upon motion of any party showing good cause therefor, and subject to the provisions of Article 14S2, the court in which an action is pending or in which the judgment was originally rendered may:
“(1) Order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Article 1436 and which are in his possession, custody, or control; * *
The sole question of law presented for determination is whether the requirement of C.C.P. art. 1492 that good cause he shown as a condition for the issuance of an order for production, inspection and copying of documents is satisfied by a mere averment of relevancy and that such production is necessary to assist the attorney of the moving party in preparation for the trial. We think in certain instances good cause for the production of a document might be deduced from the motion itself, if discovery, which is procedural and remedial, is to be construed liberally, as is proper. The court is entrusted with a wide latitude of discretion in deciding whether good cause has been shown or is apparent when issuing production orders. Item 3 (copy of bill of lading), we understand from plaintiff’s counsel, has heretofore been produced by defendant. As to item 1 (the contract or tariff or similar document), which we take contains rates, rules or regulations established by the Interstate Commerce Commission, this could hardly be expected to be anywhere but in defendant’s possession. Because of its very nature, it was not necessary to show good cause for its production as it is obvious that such document has extreme relevancy and is essential for the proper preparation of plaintiff’s case against defendant-carrier and that plaintiff would suffer undue hardship or prejudice were the document not produced.
Item 1 certainly could not have been prepared by defendant in anticipation of litigation or in preparation for trial.
C.C.P. art. 1452 reads in part:
“The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”
We are uninformed as to the nature or contents of item 2 (that certain letter dated January 27, 1964, written by Ber-tucci, Agent, or Schelder to Bruno, in reference to N-38027). We know nothing of the identity of the parties mentioned. It may be that the contents of the letter were written in anticipation of litigation or in preparation for trial, were privileged, or were a writing reflecting the mental impression, conclusions, opinions, or theories of an attorney or an expert. With reference to item 4 (pictures of merchandise) and item 5 (statements of unnamed witnesses), it could well be that said photographs and the statements were prepared in anticipation of this litigation or for use at the forthcoming trial.
*872 Inasmuch as there is a total lack of any showing of good cause or that the non-production of items 2, 4 and 5 would unfairly prejudice the plaintiff in preparing its case for trial, or would cause undue hardship or injustice, our opinion is the lower court was without any authority insofar as said items are concerned to grant the ex parte order of production which was secured on a simple motion. See State Through Department of Highways v. Buckman, 239 La. 872, 120 So.2d 461. No evidence was taken on the presentation of the motion or on the trial of the motion to recall the order of production. See Raia v. WWL-TV, 247 La. 1095, 176 So. 2d 390.
As noted above, the names of the witnesses whose statements are sought do not appear, and there is every indication that the call for the statements was merely a “catch all.” The courts of this state have refused to permit discovery to be used as a “fishing expedition.” See Geolograph Service Corporation v. Southern Pacific Company, La.App., 172 So.2d 128; Self v. Employers Mutual Liability Insurance Company of Wisconsin, La.App., 90 So.2d 547.
C.C.P. art. 1492 was modelled after and closely resembles Rule 34 of the Federal Rules of Civil Procedure, and the requirement for showing of good cause in each is identical. The holdings of the federal courts are sometimes resorted to because useful in ascertaining the legality and effect of production orders.
In Guilford National Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, the United States Court of Appeals Fourth Circuit said:
“We think that the showing of good cause required by Rule 34 is not made by a demonstration that the desired written statements of witnesses are relevant to the controversy and will aid the moving party in his preparations for trial. The scheme of Part V of the Federal Rules of Civil Procedure, Rules 26-37, establishing the entire available battery of pre-trial discovery devices, indicates that something more than a showing of relevancy is needed to satisfy Rule 34. * * *
“ * * * The specific requirement of good cause would be meaningless if good cause could be sufficiently established by merely showing that the desired materials are relevant. * * *
“The Federal Rules of Civil Procedure should be liberally construed, but they may not be expanded by disregarding plainly expressed limitations. We are not prepared to depart from the explicit language of Rule 34 when viewed in the context of the entire discovery section. In holding that a demonstration that the desired materials are relevant to the subject matter of the litigation does not by itself satisfy the good cause requirement of Rule 34, we are joining every other Court of Appeals that has considered this question. Hauger v. Chicago, Rock Island & Pac. R. R., 216 F.2d 501 (7th Cir. 1954); Martin v. Capital Transit Co., 83 U.S.App.D.C. 239, 170 F.2d 811 (1948); see Mitchell v. Bass, 252 F.2d 513 (8th Cir. 1958); Williams v. Continental Oil Co., 215 F.2d 4 (10th Cir. 1954) ; Alltmont v. United States, 177 F.2d 971 (3d Cir. 1950).”
For the above reasons, the trial corn, is mandated to amend the order of production of May 18, 1965, by deleting therefrom and setting aside all references therein to items 2, 4 and 5. Costs of this court are to be paid by plaintiff. All other costs are to remain in abeyance until the final determination of the cause.
Mandamus issued.