CALOGERO, Justice.
This matter arises out of a pending medical malpractice damage suit in the Fifteenth Judicial District Court in and for the Parish of Lafayette. While suit was pending, plaintiff gave notice to take the depositions of Drs. Robert Ranson, Lawrence L. Swan and Howard B. Burch. During the early stages of the deposition of Dr. Ran-son, plaintiff through counsel asked a question requiring the expression of a medical expert opinion. When the attorney for the doctors objected and instructed Dr. Ranson not to answer any questions requiring the giving of expert opinion, plaintiffs counsel discontinued the taking of the depositions and notified counsel that he intended to apply to the district court for an appropriate order.
After plaintiff filed her motion in district court the trial judge denied the application for relief. Thereafter, the Third Circuit Court of Appeal declined to accommodate plaintiff who had sought the exercise of that court’s supervisory jurisdiction.
We granted writs upon petitioner’s application to consider the propriety of the trial court’s ruling refusing to compel Drs. Ran-son, Swan and Burch to answer questions by rendering medical opinion.
Plaintiff in her lawsuit alleges that she underwent exploratory breast surgery and in the same operation had her left breast removed after her surgeon was advised by a pathologist at the Lafayette General Hospital that the growth was cancerous. She alleges further that she was thereafter advised by her surgeon that a terrible error had been committed, that the pathologist, Dr. U. J. Arretteig, on re-examining the tissue after surgery, had determined that the growth in her breast was indeed not cancerous and that the removal of her breast was needlessly accomplished.
Dr. Arretteig was a salaried employee for the corporation, Drs. Ranson, Swan and Burch, Ltd. Drs. Ranson, Swan, and Burch were each 33% stockholders as well as corporate employees of Drs. Ranson, Swan and Burch, Ltd.
Plaintiff filed suit against her surgeon; the pathologist Dr. U. J. Arretteig; the medical corporation which employed him, Drs. Ranson, Swan and Burch, Ltd.; the medical laboratory Lafayette Medical Laboratory, Inc., a medical laboratory formerly owned by the three doctors and for whom the medical corporation contracted to do pathology work; and the insurers of several of these aforementioned defendants. In her petition she charged Dr. Arretteig with various negligent acts of omission and commission and she charged Drs. Ranson, Swan and Burch, Ltd. with vicarious liability for *154 the negligent acts of their employee, Dr. Arretteig. By way of defense to the allegations of negligence, the medical corporation answered and alleged that although the mastectomy was an unfortunate consequence, it was nonetheless a result which occurred “despite the exercise of due care and diligence on the- part of Dr. Arretteig, and despite the exercise of the best and competent medical judgment in arriving at a diagnosis under the existing circumstances.”
Plaintiff scheduled the taking of the depositions of Dr. Ranson, Dr. Swan and Dr. Burch and at the prescribed time and place commenced the interrogation by oral deposition of Dr. Ranson. Dr. Ranson answered a number of questions but after objection by his counsel and upon counsel’s advice, he refused to answer two questions which called for the expression of medical opinion.[1]
The reasons given by counsel for the doctor at the deposition for refusing to allow answers requiring the expression of expert medical opinion was that the law did not require Dr. Ranson to give such medical expert opinion at the taking of his oral deposition, that the opinion of the doctor was not the proper subject of discovery.
After counsel made it clear that he would object and instruct the doctor similarly in connection with any and all questions which required the giving of an expert medical opinion, counsel for plaintiff terminated the deposition and noticed the parties of his intention to seek an order from the district court requiring the doctor to answer such questions.
As indicated earlier, the district court judge denied plaintiffs motion to compel these answers and the Third Circuit Court of Appeal refused to grant plaintiff relief by the exercise of its supervisory jurisdiction. '
Plaintiff relies upon Article 1436 of the Louisiana Code of Civil Procedure which in general terms allows a party to “depose any person, including a party” and examine him “regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.”[2]
Defendants’ position on the other hand is that Article 1452 second paragraph, and certain cases interpreting that article, including State v. Spruell, 243 La. 202, 142 So.2d 396 (1962) and Nicholson v. Holloway Planting Company, Inc., 284 So.2d 898 (La.1973), preclude the court’s ordering the production or inspection of writings which reflect opinions of an expert and/or requiring a deponent to express orally at deposition similar opinions.
At the outset of our discussion Article 1436 (entitled “Deposition pending action; scope of examination and cross examination of deponent,” appearing in section 1, General Dispositions) and Article 1452 (entitled “Orders for the protection of parties and deponents,” appearing in section 2, Depositions Upon Oral Examination) we deem it advisable to point out deficiencies in the positions of each of parties.
Plaintiff argues in brief that he is entitled to depose Dr. Ranson, Dr. Swan and Dr. Burch as adverse parties. He is *155 wrong in this respect because Dr. Ranson, Dr. Swan and Dr. Burch are not parties to this litigation. The party to the litigation with which these doctors are associated is the medical corporation, Drs. Ranson, Swan and Burch, Ltd., a distinct and separate legal entity from each of these individual physicians.
On the other hand, reliance by the defendant on the second paragraph of article 1452 for the general proposition that expert opinion is not discoverable upon oral deposition is equally misplaced for reasons which we will discuss in greater detail hereinafter.
Article 1436 in very broad, general terms permits the taking of the deposition of any person including a party. And “the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” There is no limitation in Article 1436 with respect to interrogating a deponent on matters that require the giving of expert opinion.
Article 1452, which concerns itself with orders for the protection of parties and deponents, on the other hand, does impose a limitation upon discovery as relates to the “production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, indemnitor, expert, or agent in anticipation of litigation or in preparation for trial . . .”[3] It provides that the court shall not order such “unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice.” That language is followed by the sentence on which defendant misplaces his reliance, which states that “the court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.” This provision of the discovery statute has been interpreted to impose a restriction not only upon a production or inspection of writings, but upon the eliciting of oral responses at deposition concerning such opinions of an attorney or an expert. See State v. Spruell, supra. It is to be noted, however, that this concluding sentence of Article 1452, in so limiting discovery, relates exclusively to the opinions of experts prepared in anticipation of litigation or in preparation for trial by the adverse party’s expert.[4]
In the case at hand, while Drs. Ran-son, Swan and Burch individually are not parties subject to being deposed under Article 1436, they are indeed “persons” and under the terms of the article may properly be deposed, unless they fall within the purview of Article 1452. With respect to the Article 1452 limitations, however, it has not been shown that any of the three doctors is an expert for any party in this litigation nor that they have prepared any writings or otherwise in anticipation of litigation or in preparation for trial. In fact, a reading of that portion of the deposition which was taken prior to its termination indicates that Dr. Ranson, at least, first of the doctors called and the one who refused to answer the two questions, was not an expert who had for any party prepared himself in writing or otherwise, in anticipation of litigation or in preparation for trial. Upon being questioned by counsel for plaintiff he indicated that he had not done preparatory *156 work as an expert in anticipation of aiding and assisting the defendant corporation and in fact acknowledged that there would likely be an expert employed and/or called by the defendant medical corporation, namely Dr. Will Sternberg, a pathologist associated with Tulane University. Furthermore, the objection to Dr. Ranson’s giving expert opinion at the deposition, as expressed, was not on the basis that he was a partisan expert for the defendant medical corporation, but rather simply that no expert opinion could be elicited, over objections, at the taking of an oral deposition.
That generally the deposition of an expert may be taken for discovery or perpetuation is made evident by the reporter’s comment appearing as a historical note under Article 1452 of the Louisiana Code of Civil Procedure. In part that comment states:
“However, the question of whether the deposition of an expert (as apart from forcing him to produce his documents) can be taken has come up before the federal courts with differing views. It has been held that the depositions of an expert could not be taken. Boynton v. R. J. Reynolds Tobacco Co., 36 F.Supp. 593 (D.C.Mass.1941). But the contrary has also been held, Sacks v. Aluminum Co. of America, 167 F.2d 570 (C.C.A. 6th, 1948). The Council decided to omit any reference to this matter, on the theory that silence would place the expert in the position of any other witness and that his deposition could be taken.”
We are of the opinion that the plaintiff’s counsel may properly direct questions at the taking of the oral deposition which call for expert opinion. We, therefore, overrule the trial court’s denial of plaintiff’s motion to compel Dr. Ranson, Dr. Swan and Dr. Burch to answer questions which require the expression of medical opinion.
This case is remanded to the trial court with instructions to proceed in this matter consistent with the views expressed in this opinion.
SUMMERS, J., dissents, assigns reasons.
MARCUS, J., dissents.

. The two questions were:
a) There are similarities of characteristics as to intraductal carcinoma and sclerosing ade-nosis, isn’t that right? b) Now doctor, the frozen section procedure is not as adequate as the permanent section procedure as a testing device, is it?

. Article 1436 provides:
“A party may take the testimony of any person, including a party, by deposition upon oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes.
“Unless otherwise ordered by the court as provided by Article 1452 or 1454, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the demand or defense of the examining party or to the demand or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and locations of persons having knowledge of relevant facts. . .

. “The court shall not order the production or inspection of any writing obtained or prepared by the adverse party, his attorney, surety, in-demnitor, expert, or agent in anticipation of litigation or in preparation for trial unless satisfied that denial of production or inspection will unfairly prejudice the party seeking the production or inspection in preparing his claim or defense or will cause him undue hardship or injustice. The court shall not order the production or inspection of any part of the writing that reflects the mental impressions, conclusions, opinions, or theories of an attorney or an expert.”

. The legislature has recently amended and reenacted the deposition and discovery procedure under the Code of Civil Procedure (Chapter 3 of Title III of Book II, consisting of Articles 1421-1474). Act 574 of Acts 1976. The new provisions make no change with respect to those portions of the Code pertinent to the case now under consideration. See Article 1424 and Article 1425(2) of the new act.