GULOTTA, Judge.
On plaintiffs’-relators’ application, we granted certiorari and the matter, by direction of this court, has been submitted on the record and on briefs.
In this tort action, on motion of defendant, the trial judge ordered tangible evidence, a breast prosthesis in possession of plaintiffs’ counsel, be placed in the possession of defendant, American Hospital Supply Corporation, for the purpose of having out-of-state, nondestructive tests performed on the device under the following guidelines:
“1) The prosthesis shall be transported to and from plaintiffs’ counsel’s office to defendant’s laboratories at 600 Pine Avenue, Goleta, California, at defendant’s expense via recognized air-carrier.
2) The prosthesis shall be submitted to non-destructive testing for a period of seven to ten days.
3) Neither liquid nor solid material will be introduced or withdrawn from the prosthesis nor will the prosthesis be altered in any physical or chemical manner.
4) That the prosthesis shall be transported and handled in such a fashion to insure its integrity and availability for testing and on the trial.
5)That this Court shall retain jurisdiction over the prosthesis in order to grant whatever relief is necessary under the circumstances and to insure that the judgment herein is complied with.”
In opposition to defendant’s motion, plaintiffs sought an order from the court compelling examination of the device in New Orleans, within the jurisdiction of the court, or alternatively, an order directing defendant to pay travel expenses for plaintiffs’ counsel to accompany and safeguard the device to and from the out-of-state location where the testing is to be conducted. The trial judge denied the protective request sought by plaintiffs.
Although the trial judge properly ordered, after hearing, the production of the device for out-of-state testing (LSA-C.C.P. arts. 1461, 1462 and 1469), nevertheless, we are in agreement with plaintiffs’ argument that the guidelines established by the trial judge are insufficient to safeguard the integrity of the device. Defendant claims the tests cannot be performed within the territorial jurisdiction of the trial court. Under these circumstances, the susceptibility of tampering with the device, either in transportation or during testing, requires that plaintiffs’ counsel or an expert to be designated by plaintiffs accompany the device to the out-of-state testing site and be present at the testing of the prosthesis, at defendant’s expense. Without such a protective order, introduction into evidence of a non-defective prosthesis becomes suspect.
We are cognizant that the trial judge is vested with wide discretion in discovery matters,[1] nevertheless, LSA-C.C.P. arts. 1426 and 1469 contemplate the issuance of any orders necessary to protect the rights of the litigants. The guidelines established by the court, in the instant case, do not provide sufficient protection.
Accordingly, the judgment of the trial court is amended. It is now ordered that plaintiffs make available to American Hos *288 pital Supply Corporation the breast prosthesis in plaintiffs’ possession for testing in accordance with the following guidelines:
1) The prosthesis shall be made available for testing at defendant’s laboratories at 600 Pine Avenue, Goleta, California, at defendant’s expense via recognized air-carrier. The prosthesis will remain in the possession of plaintiffs’ counsel or plaintiffs’ expert during transportation and will be made available to defendant for testing at defendant’s laboratories with the proviso that plaintiffs’ counsel or an expert designated by plaintiffs will be permitted to be present when the prosthesis undergoes nondestructive tests and with the further proviso that all expenses, including transportation, incurred in connection with the testing by plaintiffs’ counsel or plaintiffs’ expert, will be paid by defendant.
2) The prosthesis shall be submitted to nondestructive testing for a period of seven to ten days.
3) Neither liquid nor solid material will be introduced or withdrawn from the prosthesis nor will the prosthesis be altered in any physical or chemical manner.
4) The prosthesis shall be transported and handled in such a fashion to insure its integrity and availability for testing and on the trial.
5) This court shall retain jurisdiction over the prosthesis in order to grant whatever relief is necessary under the circumstances and to insure that the judgment herein is complied with.
As amended, the November 8, 1977 judgment of the trial court is affirmed.

AMENDED AND AFFIRMED.

. See Ogea v. Jacobs, 344 So.2d 953, 960 (La.1977); American Mark Distributing Corp. v. Louisvilie & Nashville Railroad Co., 180 So.2d 869 (La.App. 4th Cir. 1965).