**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**22-16**


**ACADIANA RENAL PHYSICIANS, A MEDICAL CORPORATION, ET AL**

**VERSUS**

**OUR LADY OF LOURDES REGIONAL MEDICAL CENTER, INC.**
**LAFAYETTE GENERAL MEDICAL CENTER, INC., ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20202289
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**J. LARRY VIDRINE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar, and J. Larry Vidrine,\* Judges.


**REVERSED AND REMANDED.**

_____

    **\***Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Russell B. Kahn**
**Meade Young L.L.C.**
**322 S. Market Street**
**Opelousas, LA 70570**
**(337) 948-6217**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Maximo Lamarche**
    **Alfonso Lebron**
    **Juan Zeik**
    **Anthony Blalock**
    **Akshey Gupta**
    **Acadiana Renal Physicians**
    **Roderick Clark**
    **Melissa Harrington**

**Charles E. Leche**
**Deutsch Kerrigan, LLP**
**755 Magazine Street**
**New Orleans, LA 70130**
**(504) 593-0790**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Certain Underwriters-Lloyds subscribing to Policy W205D7190301**

**M. Bofill Duhe'**
**District Attorney Sixteenth Judicial District**
**S. Andrew Shealy**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4434**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Iberia Medical Center Foundation**

**Randall K. Theunissen**
**Allen & Gooch, A Law Corporation**
**P. O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1240**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Our Lady of Lourdes Regional Medical Center, Inc.**

**James H. Gibson**
**Stacy N. Kennedy**
**Gibson Law Partners, L.L.C.**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Lafayette General Medical Center, Inc.**

**Adam G. Young**
**Meade Young, L.L.C.**
**556 Jefferson Street**
**Box 7**
**Lafayette, LA 70501**
**(337) 534-0200**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Maximo Lamarche**
    **Melissa Harrington**
    **Alfonso Lebron**
    **Akshey Gupta**
    **Juan Zeik**
    **Roderick Clark**
    **Anthony Blalock**
    **Acadiana Renal Physicians**

**John Alden Meade**
**Meade Young L.L.C.**
**909 Poydras Street, Suite 1600**
**New Orleans, LA 70130**
**(503) 799-3102**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Maximo Lamarche**
    **Melissa Harrington**
    **Alfonso Lebron**
    **Akshey Gupta**
    **Juan Zeik**
    **Roderick Clark**
    **Anthony Blalock**
    **Acadiana Renal Physicians**

**Jaylen Hebert Simar**
**Julie Savoy**
**Gachassin Law Firm**
**400 East Kaliste Saloom Road, Suite 6100**
**Post Office Box 80369**
**Lafayette, LA 70598-0369**
**(337) 235-4576**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **St. Tammany Parish Hospital Service District No. 1**

**VIDRINE, Judge Pro Tempore.**

This is a case where a physician group and member physicians brought antitrust, unfair trade practices, and unjust-enrichment claims against two hospitals in Lafayette, Louisiana, for failure to pay renal specialist physicians' for mandated on-call services per those physicians receiving hospital privileges. After remand for a second time, the trial court denies physician group and physicians' motion to compel a non-party hospital to comply with a subpoena duces tecum and produce requested discovery.

Physician group and physicians appeal. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY:

The underlying fact to this suit is not in dispute. Nephrologists are not paid for working required, emergency on-call hours at hospitals in Lafayette, Louisiana. In the bylaws of both Our Lady of Lourdes Hospital (Lourdes) and Lafayette General Medical Center (LGMC) all physicians with medical staff privileges are required to serve emergency on-call rotations, not only at the main campuses of Lourdes and LGMC, but also at the other hospitals in Lafayette owned by Lourdes and LGMC.

Acadiana Renal Physicians (ARP) filed suit against Lourdes and LGMC alleging violations of the Louisiana Monopolies Act, La.R.S. 51:121 et seq., the Louisiana Unfair Trade Practices Act (LUTPA), La.R.S. 51:1401 et seq., and damages for unjust enrichment. ARP is comprised of nephrologists practicing in Lafayette who have full medical privileges at Lourdes and/or LGMC.

The petition alleges that Lourdes and LGMC exercise monopsony power to deny emergency on-call payments to nephrologists at either hospital. The petition also alleges that other physician specialists receive emergency on-call pay in Lafayette, but nephrologists do not. Further the petition alleges that nephrologists

in other localities are paid for hours working on-call, but, again, nephrologists in Lafayette are not.

This case has been before this court twice previously. First, in *Acadiana Renal Physicians v. Our Lady of Lourdes Regional Medical Center, Inc.*, 21-289 (La.App.3 Cir. 5/27/21), 321 So.3d 469, *writs denied*, 21-887, 21-899 (La. 10/12/21), 325 So.3d 1070, 1074 (*Acadiana Renal Physicians I*), the trial court, *inter alia*, granted Lourdes and LGMC's exception of no right of action. We reversed and remanded.

Second, in *Acadiana Renal Physicians v. Our Lady of Lourdes Regional Medical Center, Inc.*, 21-586 (La.App.3 Cir. 10/4/21), 329 So.3d 418 *writs denied*, 21-1614, 21-1615 (La. 1/12/22), __ So.3d ____ (*Acadiana Renal Physicians II*), the trial court denied ARP's motion to compel Lourdes and LGMC to answer supplemental discovery requests. We reversed and remanded.

This third appeal is whether the trial court properly denied ARP's motion to compel compliance with a subpoena seeking further information from Our Lady of the Lake Hospital in Baton Rouge (the Lake). The Lake is Lourdes' sister hospital owned and operated by the Franciscan Mission of Our Lady Health Services.

On April 15, 2021, ARP issued a subpoena duces tecum to the Lake seeking information pertaining to emergency on-call pay for nephrologists. On April 30, 2021, Lourdes and the Lake filed a motion to quash that subpoena. After a hearing on May 24, 2021, the trial court granted the motion, in part, and denied the motion, in part. The trial court limited the subpoena to only have the Lake provide the rates it pays for emergency on-call nephrologists for a shorter timeframe than originally requested. However, while denying ARP's request for other information from the Lake relative to emergency on-call pay for nephrologists sought by ARP, the trial

court stated, "once [ARP] gets [the pay rates, if it] thinks [its] entitled to something else, then we'll go from there."

On July 6, 2021, the Lake produced information showing the pay rate nephrologists receive for emergency on-call services. Thereafter, ARP filed a motion to compel compliance with the subpoena duces tecum requesting the Lake provide, inter alia, "methods used to determine the fair market value" of those emergency on-call pay rates nephrologists earn. A hearing on the motion was held on September 20, 2021. After hearing the arguments, the trial court denied ARP's motion. ARP filed the current appeal before us on September 27, 2021, assigning three errors.

**JURISDICTION:**

Prior to adjudicating the errors assigned by ARP, Lourdes urges this court to examine whether it has subject matter jurisdiction over this appeal. This is a threshold matter as a court without subject matter jurisdiction lacks "the legal power and authority . . . to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." La.Code Civ.P.art 2. Courts have the duty to ensure it has subject matter jurisdiction, even where the litigants have not raised the issue. *Adkins v. City of Natchitoches*, 14-491 (La.App. 3 Cir. 11/5/14), 150 So.3d 646; *Otwell v. Otwell*, 10-1176 (La.App. 3 Cir. 2/9/11), 56 So.3d 1232.

This court addressed the jurisdictional issue raised by Lourdes in *Acadiana Renal Physicians II*, wherein we found that La.R.S. 51:121-152 were *sui generis* statutory law that invoke this court's appellate jurisdiction versus its supervisory jurisdiction. As such, we found that appellants have an appeal by right to have interlocutory judgment reviewed, not subject to the discretion of this appellate court.

3

We reiterate our decision reached in *Acadiana Renal Physicians II*. There is no merit to Lourdes' argument that this court should dismiss ARP's appeal on jurisdictional grounds.

Additionally, Lourdes contests the authority of this court to hear this appeal by asserting that ARP's failure to appeal the trial court's judgment per the hearing held on May 24, 2021, renders this matter before us as final and not appealable. We find no merit to this argument.

On May 24, 2021, the trial court did quash part of ARP's subpoena and limited ARP's discovery, at that time, from the Lake to the rate received by nephrologists for emergency on-call services. However, at that hearing, the trial court also stated, "once [ARP] gets [the pay rates, if it] thinks [it is] entitled to something else, then we'll go from there." ARP's subsequent motion to compel compliance with the subpoena and hearing held on September 20, 2021, was after ARP received the rates paid by the Lake. Thus, this appeal is ARP following the trial court's decision to see where "we'll go from there" per the trial court's statement on May 24, 2021. Accordingly, we find no merit to Lourdes and the Lake's assertion that this matter is final and unappealable.

**ASSIGNMENTS OF ERROR:**

1. The trial court abused its discretion in denying the relief sought in the Motion to Compel Compliance with Subpoena Duces Tecum, because the information sought from the third-party is relevant.

2. The trial court abused its discretion in denying the relief sought in the Motion to Compel Compliance with Subpoena Duces Tecum, because Respondent did not show any inconvenience or difficulty with the production of the information sought.

3. The trial court abused its discretion in denying the relief sought in the Motion to Compel Compliance with Subpoena Duces Tecum, because it made no findings in its written judgment that the subpoena in question was either unreasonable or oppressive.

4

## DISCUSSSION OF THE MERITS:

ARP three assignments of error seek the same relief, compelling the Lake to comply with its subpoena duces tecum. As such, we will address all three assigned errors under one heading.

Appellate court review evidentiary rulings of a trial court using the abuse of discretion standard. *Whitehead v. Kansas City Southern Ry. Co.*, 99-896 (La.App. 3 Cir. 12/22/99), 758 So.2d 211; *writ denied*, 00-209 (La.4/7/00), 759 So.2d 767.

> [Louisiana Code of Civil Procedure articles] 1422-1425 define the scope of permissible discovery. *Hodges v. Southern Farm Bureau Casualty Insurance Company*, 433 So.2d 125 (La.1983). These articles permit the discovery of any relevant matter, which is not privileged. *Id.* Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of an action more probable or less probable than it would be without the evidence. La.Code Evid. art. 401. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time." La.Code Evid. art. 403.The basic objectives of the Louisiana discovery process are as follows:
>
>> (1) to afford all parties a fair opportunity to obtain facts pertinent to the litigation, (2) to discover the true facts and compel disclosure of these facts wherever they may be found, (3) to assist litigants in preparing their cases for trial, (4) to narrow and clarify the basic issues between the parties, and (5) to facilitate and expedite the legal process by encouraging settlement or abandonment of less than meritorious claims. *State v. Spruell*, 243 La. 202, 142 So.2d 396 (1962); *Bennett v. General Motors Corp.*, 420 So.2d 531 (La.App. 2nd Cir.1982); Comment, LOUISIANA'S DISCOVERY ARTICLES: A MODERN APPRAISAL, 22 Loy.L.Rev. 130 (1976).

*Hodges*, 433 So.2d at 129.

*Conques v. Wal-Mart Stores, Inc.*, 00-619, pp. 5-6 (La.App. 3 Cir. 2/14/01), 779 So.2d 1094, 1098. Courts are to construe the discovery statutes both liberally and broadly to achieve objectives cited in *Hodges* above.

Louisiana Code of Civil Procedure article 1354 (emphasis added) provides:

A. A subpoena may order a person to appear and produce at the trial, deposition, or hearing, books, papers, documents, any other tangible things, or electronically stored information, in his possession or under his control, if a reasonably accurate description thereof is given. A subpoena may specify the form or forms in which electronically stored information is to be produced. A party or an attorney requesting the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or cost on a person subject to that subpoena. *The court in which the action is pending in its discretion may vacate or modify the subpoena if it is unreasonable or oppressive.* Except when otherwise required by order of the court, certified copies, extracts, or copies of books, papers, and documents may be produced in obedience to the subpoena duces tecum instead of the originals thereof. If the party or attorney requesting the subpoena does not specify that the named person shall be ordered to appear, the person may designate another person having knowledge of the contents of the books, papers, documents, other things, or electronically stored information, to appear as his representative.

B. A person commanded to respond to a subpoena duces tecum may within fifteen days after service of the subpoena or before the time specified for compliance, if such time is less than fifteen days after service, send to the party or attorney designated in the subpoena written objections, with supporting reasons, to any or all of the requests, including objection to the production of electronically stored information in the form or forms requested. If objection is so made, the party serving the subpoena may file a motion to compel compliance with the subpoena and may move for sanctions for failure to reasonably comply.

C. A person responding to a subpoena to produce books, papers, or documents shall produce them as they are kept in the usual course of business or may organize and label them to correspond with the categories in the demand.

D. If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena may produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably useable.

E. A person responding to a subpoena need not produce the same electronically stored information in more than one form.

F. A person responding to a subpoena need not produce books, papers, documents, or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel production or to quash, the person from whom production is sought shall show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order production from such sources if the requesting party shows good cause. The court may

specify conditions, including an allocation of the costs, for the production.

G. When the person subpoenaed is an adverse party, the party requesting the subpoena duces tecum may accompany his request with a written request under oath as to what facts he believes the books, papers, documents, electronically stored information, or tangible things will prove, and a copy of such statement shall be attached to the subpoena. If the party subpoenaed fails to comply with the subpoena, the facts set forth in the written statement shall be taken as confessed, and in addition the party subpoenaed shall be subject to the penalties set forth in Article 1357.

H. Subpoenas duces tecum shall reproduce in full the provisions of this Article.

First, the parties disagree whether the information sought by ARP is relevant to the underlying suit given that the Lake is not a party to this matter. In *Stolzle v. Safety & Systems Assurance Consultants, Inc.*, 02-1197 (La.5/24/02), 819 So.2d 287, our supreme court held a party seeking production of records from a non-party must show relevancy and good cause. Here, according to ARP, its subpoena seeks discovery from the Lake that is relevant and has good cause. We agree.

The basis for this suit is an allegation that Lourdes and LGMCs fail to pay nephrologists for required, emergency on-call hours at hospitals in Lafayette for reasons improper per La.R.S. 51:121-152. Clearly, after ARP learned the Lake does pay nephrologists for emergency on-call hours in Baton Rouge, but Lourdes chooses not to pay them in Lafayette raises questions relevant to the underlying suit, namely why and what are the factors used in reaching that rate of pay. These questions are relevant, and ARP has good cause for the request given both a party, Lourdes, and a non-party, the Lake, are owned and run by the same entity. Moreover, ARP has the burden to prove in its suit against Lourdes and LGMC to show what other hospitals look at in determining pay and comparing that to what Lourdes and LGMC look to in reaching their mutual decision not to pay nephrologists for emergency on-call hours. Additionally, what or who determines the rate of pay the Lake pays those

7

services in Baton Rouge, and if that entity is the same at Lourdes, is also intimately tied to the cause of action in this suit.

Lourdes and the Lake counter the requested documents are not relevant because the Lake's pay rates are subject to a contract with the State of Louisiana, while Lourdes is not. Additionally, Lourdes and the Lake point out that they are in different markets, Lafayette and Baton Rouge.

First, according to the Lake, its contract with the state subjects it to provisions for emergency on-call physician pay that is not applicable to Lourdes. While this may be true, the amount the state chooses to reimburse the Lake for nephrologists to perform emergency on-call services tends to impact this ongoing litigation. The Lake answering why that amount is used or what basis determines that amount is, again, at the heart of ARP's claims against Lourdes and LGMC.

Next, Lourdes and the Lake assert that ARP's subpoena seeks irrelevant information to the underlying suit because the emergency on-call pay determinations in Baton Rouge are based on different factors and criteria than those present in the Lafayette market. This assertion does not render ARP's subpoena requests irrelevant or without good cause. Rather, the difference in markets between Lourdes and the Lake may provide ARP at least some explanation as to why the Lake pays nephrologists for emergency on-call services, but its sister hospital does not. The why of that explanation could reasonably be based on factors present in both Baton Rouge and Lafayette and help ARP prove that, while there are market differences between the two cities, they are not such where the market differences can explain away the severe difference of getting paid for work done versus not getting paid, at all, for the same type of work. Further, whether there are market differences that reasonably explain why the Lake pays nephrologists for emergency on-call hours, but Lourdes does not, is directly related to ARP's assertions in its petition. ARP's

case depends on proving what other hospitals do, how Lourdes and LGMC's "pay" is vastly different from those other hospitals, and whether Lourdes and LGMC's decision not to pay them is based on factors or actions impermissible under La.R.S. 51:121-152 or ARP's other theories for recovery. Given the above, we find ARP has shown relevancy and good cause for its subpoena duces tecum.

Next, ARP argues that the trial court failed to find that the Lake's compliance with its subpoena was unreasonable or oppressive, and this failure by the trial court constitutes an abuse of its discretion. We find merit to this argument.

"When a trial court vacates a subpoena without first finding that the subpoena is unreasonable or oppressive, [it] has gone beyond [its] authority under the provisions of La. C.C.P. art. 1354. *Francois v. Norfolk Sourthern Corp.*, 01-1954, p. 2 (La.App. 4 Cir. 3/6/02), 812 So.2d 804, 806.

Here, there is no evidence in the record the trial court made a finding that ARP's subpoena was unreasonable or oppressive. Contrarily, our reading of the record from the September 20, 2021 hearing indicates the trial court thoroughly fleshed out the issue and was not moved to rule one way or another until Lourdes and the Lake argued that the trial court should deny ARP's motion to compel to keep its decision in line with its prior ruling that Lourdes did not have to fully comply with ARP's discovery requests.

*Acadiana Renal Physicians II* was pending before this court on September 20, 2021, the date this hearing transpired. After hearing arguments from both parties, the trial court sought a resolution to this issue by attempting to point out that Lourdes and the Lake had already complied with ARP's subpoena. Thereafter, when faced with arguments from ARP that the Lake had not satisfactorily complied with its subpoena, Lourdes and the Lake noted that the trial court "didn't require a *party* to produce the information [ARP is now] requesting a *non-party* to produce. We're at

the appellate court right now on your other ruling." (emphasis added). Directly after this point was raised by Lourdes and the Lake, the trial court simply stated, "I'm going to deny [ARP's] request and we'll see what they say."

In fairness to the trial court, this basis can be deemed as reasonable given that denying a similar motion to compel a *party* to produce discovery would intuitively necessitate denying a motion to compel a *non-party* to produce similar discovery. However, the jurisprudence is clear. A trial court cannot vacate a subpoena without finding the subpoena unreasonable or oppressive. Doing so constitutes an abuse of its discretion. La. C.C.P. art. 1354; *Francois*, 812 So.2d 804. Accordingly, we find that the trial court abused its discretion in denying ARP's motion to compel the Lake to comply with ARP's subpoena duces tecum.

ARP's last remaining argument is that Lourdes and the Lake did not show any inconvenience or difficulty with the production of the information sought as required for the trial court to vacate or modify a subpoena. We find above that the trial court abused its discretion when it denied ARP's motion to compel without finding the subpoena unreasonable or oppressive. The result of our finding reverses the judgment of the trial court rendering ARP's last remaining argument moot. We already find that ARP is entitled to the relief it seeks in this argument.

## CONCLUSION:

Acadiana Renal Physicians raises three assignments of error regarding the trial court's denial of its motion to compel a non-party, Our Lady of the Lake Hospital in Baton Rouge, to comply with its subpoena duces tecum. We find Acadiana Renal Physicians' subpoena seeks relevant evidence for good cause. Further, we find the trial court abused its discretion by failing to find that Acadiana Renal Physician's subpoena duces tecum was unreasonable or oppressive.

10

As such, we reverse the trial court's denial of Acadiana Renal Physicians' motion to compel compliance with its subpoena.  We assess all costs of this appeal to Our Lady of Lourdes Hospital.

**REVERSED AND REMANDED.**